**In re HARRIS.**

[Cite as *In re Harris* (1995), 104 Ohio App.3d 324.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14717.

Decided May 5, 1995.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, for appellee, state of Ohio.

*Leppla & Ambrose Associates* and *Frank A. Malocu,* for appellant, Curtis Harris.

RICHARD K. WILSON, Judge.

Curtis Harris was accompanied by his mother and his attorney when he attended an adjudicatory hearing before a juvenile court referee. The state agreed to drop ten charges and Harris agreed to admit responsibility for a burglary and forgery.

The referee accepted Harris's admissions and made a finding of delinquency. Harris was committed to the Ohio Department of Youth Services. Harris filed a *pro se* notice of appeal in both cases. There is one assignment of error.

"The trial court failed to inform appellant of his constitutional rights that would be waived upon his admission of responsibility, and therefore the court did not comply with the provisions of Juv.R. 29(D)."

Juv.R. 29(D) provides in pertinent part:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

The adjudicatory hearing began with the following dialogue:

"The [REFEREE]: We are here on 12 separate charges for adjudication. Do you waive the reading of the charges and his rights at this time Ms. Gilliland?

"MS. GILLILAND: Yes we do your Honor.

"The [REFEREE]: All right, but I have to remind you you do have the right to object to the Referee's finding and recommendations in 14 days, you have a right to object to the Judge's disposition, you also have the right to have your records expunged and/or sealed at a future date.

"Do you understand this, son?

"MR. HARRIS: Yes.

"The [REFEREE]: Do you have any questions at all?

"MR. HARRIS: No."

The plea bargain discussion then followed the opening dialogue quoted above. Immediately after the plea negotiation the following took place:

"The [REFEREE]: Do you understand?

"MR. HARRIS: Yes.

"The [REFEREE]: By admitting to these you are in fact stating you are responsible for these charges. Do you understand that?

"MR. HARRIS: Yes."

The referee then accepted the admissions.

Later in the proceedings defense attorney Gilliland stated, "Curtis is aware of the results of the plea today."

■■■■ We think the record supports the implicit finding of the referee and the trial court that the referee substantially complied with the requirements of Juv.R. 29(D)(1). The referee committed error when he failed to comply with the requirements of Juv.R. 29(D)(2). This appeal turns on whether the error was prejudicial or harmless.

■ The juvenile contends that the accepting of an "admission of responsibility" is so analogous to accepting a guilty plea in felony case that the requirements of Crim.R. 11(C)(2) should apply. We disagree. This rule was drafted, at least in part, in order to satisfy constitutional requirements set forth in several criminal cases in the United States Supreme Court. Juv.R. 29(D)(2) appears to have been drafted in order to satisfy due process and fairness requirements for juveniles in juvenile court proceedings. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Unlike adults a child has a "right not to liberty but to custody." Id. at 17, 87 S.Ct. at 1438, 18 L.Ed.2d at 540. The court found in the *Gault* case that Arizona juvenile courts exercised virtually unlimited and unbridled discretion in denying Gault due process.

The differences between adult criminal proceedings and juvenile delinquency proceedings were succinctly pointed out in *Kent v. United States* (1966), 383 U.S. 541, 555, 86 S.Ct. 1045, 1054, 16 L.Ed.2d 84, 94:

"Because the State is supposed to proceed in respect of the child as *parens patriae* and not as adversary, courts have relied on the premise that the proceedings are 'civil' in nature and not criminal, and have asserted that the child cannot complain of the deprivation of important rights available in criminal cases. It has been asserted that he can claim only the fundamental due process right to fair treatment. * * *" (Footnote omitted.)

Ohio courts have also held that "[t]he procedure for pleas in juvenile court in relation to a delinquency complaint differs substantially from the pleas provided by Crim.R. 11 in adult criminal proceedings. * * *" *In re Green* (1982), 4 Ohio App.3d 196, 198, 4 OBR 300, 301, 447 N.E.2d 129, 130.

We are satisfied that Harris was given due process in these proceedings, and that the referee's failure to fully comply with Juv.R. 29(D) was neither prejudicial nor plain error.

We affirm.

*Judgment affirmed.*

FREDERICK N. YOUNG, J., concurs.

FAIN, J., dissents.

FAIN, Judge, dissenting:

It is undisputed that the trial court failed to address Harris personally and to determine that (1) Harris was making his admission of delinquency voluntarily with understanding of the nature of the allegations and the consequences of the admission, and that (2) Harris understood that by entering his admission he was waiving the right to challenge the witnesses and evidence against him, to remain

silent, and to introduce evidence at the adjudicatory hearing, as required by Juv.R. 29(D).

In a termination-of-parental-rights case, we held that the failure to comply with the requirements of Juv.R. 29(D) is reversible error. *In re Richard* (Dec. 14, 1994), Montgomery App. Nos. 14140 and 14200, unreported, 1994 WL 702071. In that case we cited the principle espoused in criminal cases that error, once demonstrated, is presumed to be prejudicial unless shown to have been harmless. See *Rappold v. State* (1921), 16 Ohio App. 229, 235. Once the appellant meets the heavy burden of demonstrating error in the record, the burden shifts to the appellee to show that the error was harmless.

The failure to comply with the requirements of Juv.R. 29(D) in a case involving the termination of parental rights was also held to be reversible error in *Elmer v. Lucas Cty. Children Serv. Bd.* (1987), 36 Ohio App.3d 241, 245–246, 523 N.E.2d 540, in an opinion written by Justice Alice Robie Resnick when she was a judge of the Sixth District Court of Appeals. It would seem incongruous to hold, as this court did in *In re Richard, supra,* that the failure to comply with the require- ments of Juv.R. 29(D) is reversible error in cases involving the termination of parental rights, citing an analogy to criminal cases involving the failure to comply with Crim.R. 11, while holding that, in cases involving juvenile delinquency, a complete failure to comply with the rule is presumed harmless.

It is true that juveniles charged with delinquency are not entitled to all of the rights enjoyed by their adult counterparts, *e.g.,* the right to a trial by jury. This is reflected in the differences between Juv.R. 29(D) and Crim.R. 11. They are nevertheless entitled to some rights. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Juv.R. 29(D) would seem to have been intended to protect against a waiver of the limited rights enjoyed by a juvenile in delinquency proceedings that is less than knowingly and voluntarily made. In my view, a complete failure to comply with the rule, by addressing the juvenile personally and determining that he is aware of the consequences of his admission and the rights he is thereby waiving, must be presumed to have been prejudicial, in the absence of any demonstration that the error was harmless.

I would sustain Harris's sole assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings.