**In re BROOKS.**

[Cite as *In re Brooks* (1996), 112 Ohio App.3d 54.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17649.

Decided June 26, 1996.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*Steven Cox,* for appellant.

_____

BAIRD, Judge.

Appellant, Adam Brooks, appeals from the Summit County Juvenile Court's judgment of delinquency. We reverse.

The Akron Police Department filed a complaint against the appellant in Summit J.C. Case No. 94–12–5708, alleging delinquency by reason of rape, in violation of R.C. 2907.02(A)(1)(b), an act that would constitute a felony of the first degree if committed by an adult. Two additional counts of delinquency by reason of rape were alleged in case Nos. 94–12–5709 and 94–12–5710. The appellant denied the allegations.

An adjudicatory hearing was held before a referee. The appellant was present with his mother and with counsel. The prosecuting attorney stated at the hearing that, pursuant to her discussions with appellant's counsel, it was her understanding that the appellant would enter an admission to one count of delinquency by reason of rape in case No. 94–12–5708, in exchange for which the state would recommend that the court dismiss the counts set forth in case Nos. 94–12–5709 and 94–12–5710. The following colloquy ensued:

"COURT: Do you wish to enter a plea of admission to this one count?

"APPELLANT: Yeah.

"COURT: Yes.

"APPELLANT: Yes.

"COURT: All right. Did anyone threaten you to enter a plea of admission?

"APPELLANT: No.

"COURT: Anyone promise you anything if you plead guilty or enter and [*sic* ] admission to the charge?

"APPELLANT: (Inaudible)

"COURT: We'll take the plea as being knowingly and intelligently and voluntarily made and a finding of a delinquency on one count on case 5708."

One month after the adjudicatory hearing, a dispositional hearing was held before the same referee. The appellant was again present with his mother and with counsel. At the beginning of the hearing, the appellant's counsel moved to vacate the appellant's plea and to set the case for trial. The court denied the motion. The appellant's probation officer then recommended that the appellant be placed in detention for two weeks for reassessment or, if the appellant was not

amenable to reassessment, that he be committed to the Ohio Department of Youth Services. The appellant was then asked if he wished to be reassessed.

"APPELLANT: Well, I have a question.

"COUNSEL FOR APPELLANT: No, no. That's a yes, or no answer to that question. You asked earlier, and it's—

"COURT: —for Adam and for his counselor, the only thing that I will do Adam in this regard is to incarcerate you here and give us an opportunity to reassess you. If that's not the case, then I'm prepared to pronounce sentencing. You understand?

"APPELLANT: Uh, is it—

"COURT: I'm not here to bargain with you Adam. I'm telling you what your options are. You do not bargain with the Court, understood?

"APPELLANT: Yes, I do. I have a question for you.

"COURT: All right, what's your question?

"APPELLANT: Is there anyway [sic] that I could be put on house arrest instead of—

"COURT: Is this not a bargaining—you know—

"APPELLANT: No. I—

"COURT: I just explained to you Adam, I'm not bargaining with you, I'm giving you your options. If you wish the Court to take extra time to assess you, you will do it while you're incarcerated here and have an opportunity. If not, I am ready to pronounce sentence. Your attorney has explained that to you. Now, what do you want to do? It is up to you, Adam.

"APPELLANT: Can I ask my mom a question?

"COURT: Sure.

" * * *

"APPELLANT: Go ahead and reassess me."

A second dispositional hearing was held two weeks later, at which time the appellant was ordered to be committed for a minimum of one year to the Ohio Department of Youth Services. The appellant appeals the commitment order and raises a single assignment of error:

"The trial court erred by failing to adhere to the requirements of Juv.R. 29(D)."

In his assignment of error, the appellant contends that the trial court erred in accepting his admission without complying with Juv.R. 29(D).

Juv.R. 29(D) requires the court to make a careful inquiry before accepting an admission in a juvenile case. The rule provides:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegation and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

An admission in a delinquency case is similar to a guilty plea entered by an adult in a criminal case in that it involves a waiver of the juvenile's right to challenge the allegations of the complaint and to confront witnesses. *In re Christopher* (1995), 101 Ohio App.3d 245, 247, 655 N.E.2d 280, 281–282. Juv.R. 29(D) is analogous to Crim.R. 11(C)(2) in that, before accepting an admission of guilt, the trial court must personally address the juvenile on the record with respect to the areas of inquiry set forth in the rule. *In re McKenzie* (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377, 1378–1379; *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238, 239. As with the acceptance of a guilty plea by an adult pursuant to Crim.R. 11(C)(2), the trial court may accept a juvenile's admission only upon the court's "substantial compliance with the provisions of Juv.R. 29(D)." *In re Christopher,* 101 Ohio App.3d at 248, 655 N.E.2d at 282. In the absence of such compliance, the adjudication must be reversed and the juvenile permitted to plead again. *Id.*

In this case, the trial court, in accepting the appellant's admission, established only that the appellant was making his plea voluntarily. No inquiry was made of the appellant as to whether he understood the nature of the charges before him or the consequences of his plea, as required by Juv.R. 29(D)(1). Indeed, the appellant's obvious confusion at his first dispositional hearing highlights his complete lack of understanding as to the consequences of his admission. Further, no personal inquiry was made by the court of the appellant as to any of the elements set forth in Juv.R. 29(D)(2).

The state urges this court to adopt the reasoning of the Second District Court of Appeals set forth in *In re Harris* (1995), 104 Ohio App.3d 324, 662 N.E.2d 34. However, in that decision, the court found that the referee had substantially complied with Juv.R. 29(D)(1) and that the juvenile was not deprived of his due process rights. *Id.* at 326–327, 662 N.E.2d at 36. In the case before us, the court did not substantially comply with the provisions of either Juv.R. 29(D)(1) or (D)(2) and did not afford the appellant the due process protection intended by the rule.

Upon consideration, the appellant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and EDWARD J. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.