OPINION
In 1996, appellant, Christopher Combs, was adjudicated a delinquent child for committing an act of burglary. Appellant received a suspended sentence of six months in the custody of the Department of Youth Services and was placed on probation.
While on probation, appellant was charged with having weapons under disability. He appeared in juvenile court and entered an admission of true to charges of having weapons under disability and violating his probation. He was given consecutive six-month sentences on the charges with both sentences suspended on condition that appellant complete a rehabilitation program.
Despite numerous opportunities, appellant failed to complete the rehabilitation program and on July 28, 1997 was again charged with violating his probation. Upon appellant's admission that he violated his probation, the juvenile court committed appellant to the custody of the Department of Youth Services for a minimum twelve-month period.
Appellant claims the trial court erred when it accepted appellant's plea of true to the July 28, 1997 probation violation charge without fully ascertaining whether appellant understood the nature of the plea. Appellant suggests that because he was only twelve years old, has difficulty reading and writing and is, as the court observed, "not very mature at [his] age," the juvenile court had an obligation to ascertain whether appellant "truly understood the rights that he was waiving."
Before the court may accept a juvenile's admission in a delinquency case, it must first determine that the juvenile knowingly and voluntarily makes the admission while understanding the nature of the allegation and the consequences of the admission, and that the juvenile understands that by entering the admission he is waiving his rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at an adjudicatory hearing. In re Christopher R. (1995), 101 Ohio App.3d 245; Juv.R. 29(D)(1) and (2).
A juvenile court must substantially comply with the provisions of Juv.R. 29(D)(1) and (2) to determine whether the juvenile understands the ramifications of his plea. In re Brooks (1996),112 Ohio App.3d 54; In re William H. (1995), 105 Ohio App.3d 761.
In the case at bar, the juvenile court went to great lengths to explain the nature of the probation charge, the consequences appellant faced if he admitted the truth of the complaint, as well as each and every right that would be waived by entering an admission to the charge. As such, the record reflects that the trial court substantially complied with Juv.R. 29 and that appellant understood the nature of his plea.
The assignment of error is overruled and the judgment of the juvenile court is hereby affirmed.
POWELL, P.J., and WALSH, J., concur.