DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Gallia County Common Pleas Court, Juvenile Division, finding Beauford S. Jones, defendant below and appellant herein, to be a juvenile delinquent for having committed the offense of burglary, in violation of R.C. 2911.12 (A)(1), which crime would have been a felony if committed by an adult, and remanding him to the permanent custody of the Ohio Department of Youth Services (DYS) for an indefinite term of institutionalization. The following error is assigned for our review:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 AND 16 OF THE OHIO CONSTITUTION AND JUVENILE RULE 29."
The record reveals the following facts pertinent to this appeal. In the summer of 1998, appellant and two (2) other boys were involved in the theft of $2,000 from the home of an elderly woman in Patriot, Ohio. A complaint was filed on July 7, 1998, charging appellant with juvenile delinquency as a result of this offense. He entered a denial to the charge.
On August 17, 1998, the State filed a motion alleging that appellant was not amenable to rehabilitation as a juvenile. Thus, the State asked the Juvenile Court to relinquish jurisdiction so that he could be tried as an adult.
The parties subsequently reached an agreement whereby appellant would enter an admission to the offense in exchange for the State withdrawing its motion to try appellant as an adult. The matter came on for hearing on October 2, 1998, at which time the following colloquy occurred between appellant and the trial court:
 "COURT: Beauford, on the record, you understand that you are entering a plea of admission to a charge voluntarily?
MR. JONES: Yes.
COURT: And you understand what the penalties can be?
MR. JONES: Yes.
 COURT: You understand that you're waving the right to challenge the witnesses?
MR. JONES: Yes.
 COURT: And evidence against you, to remain silent and to introduce evidence at a judicatory hearing. Do you understand all of that?
MR. JONES: Yes.
 COURT: And you understand it's of your own free will? Do you understand what the penalties for this, this is a felony II charge. Do you understand that the penalty is a minimum sentence of one year in the Department of Youth Services, a locked institution? There could be a $750.00 fine. There can be an order for restitution and I understand there is money that has not been recovered and this Court would order restitution in the matter. Understand there's something there was over $2,000 taken and there were three people involved and that order of restititution would be approximately six hundred um, $666.00. You understand all of that?
MR. JONES: Yes.
 COURT: And its your own free will that you want to admit to this. . . .
MR. JONES: Yes."
The trial court accepted appellant's admission and the court moved into the dispositional phase of the hearing. The court noted that appellant's extensive juvenile history was such that he could no longer be managed or controlled on probation and that the "only alternative" was to "have him locked in a institution." On October 2, 1998, the trial court issued its judgment adjudicating appellant a delinquent child and ordering that he be committed to the legal custody of the DYS for institutionalization for a minimum period of one (1) year and a maximum period not to exceed his attainment of twenty-one (21) years of age. No appeal was initially taken from that judgment but, on June 1, 1999, this Court granted leave to file a delayed appeal.[2] The matter is now properly before us for review.
Appellant argues in his assignment of error that the admission of guilt he gave below was obtained in violation of his Due Process rights and in contravention of the procedural requirements set forth in Juv.R. 29. We agree, albeit to a more limited extent than is argued in his brief.
Our analysis begins with the Due Process Clause of theFourteenth Amendment to the United States Constitution which provides, in pertinent part, that no state shall deprive any person of liberty without due process of law. The United States Supreme Court has consistently warned that this guarantee is not simply for adults alone. See Bellotti v. Baird (1979),443 U.S. 622, 633, 61 L.Ed.2d 797, 807, 99 S.Ct. 3035, 3043; In re Gault
(1967), 387 U.S. 1, 13, 18 L.Ed.2d 527, 538, 87 S.Ct. 1428, 1436. State juvenile court proceedings must also measure up to essentials of fair treatment and satisfy the Due Process requirements of the Fourteenth Amendment. Bellotti, supra at 634, 61 L.Ed.2d at 807, 99 S.Ct. at 3043; also see Breed v. Jones
(1975), 421 U.S. 519, 528-529, 44 L.Ed.2d 346, 355,95 S.Ct. 1779, 1785; McKeiver v. Pennsylvania (1970), 403 U.S. 528, 531;29 L.Ed.2d 647, 653, 91 S.Ct. 1976, 1979-1980. Consistent with that mandate, our State Supreme Court has adopted Juv.R. 29 (D) to ensure that minors are afforded their due process rights to fundamentally fair treatment in Ohio juvenile court proceedings.See In re Miller (1997), 119 Ohio App.3d 52, 57, 694 N.E.2d 500,503; In re Harris (1995), 104 Ohio App.3d 324, 327,662 N.E.2d 34, 36.
The provisions of Juv.R. 29 (D) state, inter alia, as follows:
 "The court . . . shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Strict adherence to this rule is not required, but courts must substantially comply with the procedures specified therein. Inre Terrance P. (1998), 129 Ohio App.3d 418, 425, 717 N.E.2d 1160,1164; In re West (1998), 128 Ohio App.3d 356, 359,714 N.E.2d 988, 990; In re Brooks (1996), 112 Ohio App.3d 54, 57,677 N.E.2d 1229, 1231. A failure to substantially comply with Juv.R. 29 (D) constitutes prejudicial error warranting a reversal of the judgment so as to permit the juvenile to plead anew. In re Royal
(Mar. 1, 1999), Mahoning App. No. 96CA45, unreported; In reAmanda T. (Feb. 5, 1999), Huron App. No. H-98-020, unreported;In re Nicholson (Feb. 4, 1999), Cuyahoga App. No. 74657, unreported. Substantial compliance means that under the totality of the circumstances, the juvenile subjectively understood the implications of his plea and the rights he was waving. In reShepard (Mar. 30, 1998), Butler App. No. CA97-06-119, unreported;In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281, unreported; also see generally State v. Nero (1991), 56 Ohio St.3d 106,108, 564 N.E.2d 474, 476. This is obviously a legal issue and, therefore, the juvenile court's degree of compliance with the rule is subjected to a de novo standard of review. SeeIn re Beckert (Aug. 8, 1996), Cuyahoga App. No. 68893, unreported. With these principles in mind, we turn our attention to the proceedings below.
Our review of the transcript in this case convinces us that the trial court substantially complied with the requirements of Juv.R. 29 (D) (2). This particular portion of the rule, as mentioned previously, mandates that the court inquire and determine that the juvenile understands the rights being waived through an admission of guilt. Those rights include, inter alia,
the right to (1) challenge witnesses, (2) challenge the state's evidence, (3) remain silent, and (4) introduce favorable evidence. Id. Even a cursory review of that part of the transcript set forth earlier in this opinion reveals that these rights were individually enumerated for appellant and that he acknowledged his waiver of them in entering an admission of guilt. We conclude that this exchange substantially complied with Juv.R. 29 (D)(2).
Appellant counterargues that the colloquy between him and the court was not sufficiently detailed to pass constitutional muster and that the court should not have accepted the one word "yes" answers he gave when asked if he understood the rights he was waiving. We are not persuaded. First, as mentioned earlier, the standard here is "substantial compliance." There is no support anywhere in either the rule itself or in caselaw to require juvenile courts to engage in a protracted and extensive debate/lecture with a juvenile before accepting an admission. Second, it would border on the absurd for this Court to lay down a rule prohibiting juvenile courts from accepting a "yes" response from juvenile defendants. We do not discount the possibility that, under certain circumstances, juvenile courts may be required to go further and conduct a more detailed inquiry with the child. However, there is nothing in the record to persuade us that such was the case here. Finally, we would point out that other jurisdictions have upheld the validity of admissions of guilt when there has been only a brief recitation and acknowledgement of the rights set forth in Juv.R. 29 (D)(2),see, e.g. In re Beckert, supra; In re Spann (Jun. 3, 1999), Franklin App. No. 98AP-839, unreported; In re Hudson (Dec. 31, 1997), Miami App. No. 97-CA-16, unreported; and this Court has done the same on various occasions as well. See, e.g. In reBeechler (1996), 115 Ohio App.3d 567, 572, 685 N.E.2d 1257, 1260;In re Brown (May 10, 1999), Scioto App. Nos. 98CA2598 98CA2599, unreported.[3]
Appellant further argues that the trial court should have conducted a more detailed examination because of his "borderline range of intellectual ability," diagnosed "[a]ttention [d]eficit [h]yperactivity [d]isorder" and his "special education needs." A similar argument was made to our colleagues on the Franklin County Court of Appeals in the case of In re Garrard (Nov. 27, 1997), Franklin APFO3-449, unreported, and they made the following observations:
 "By addressing appellant personally and conducting an exchange on the record, the trial court was able to observe appellant's demeanor while listening to and evaluating his responses. In so doing, the trial court was able to ascertain appellant's depth of understanding of the rights involved, the nature of the allegations and the implication of his admission.
* * *
 Appellant did not exhibit any confusion or uncertainty regarding the allegations, nor did he question the trial court as to the terms of the agreement. In short, appellant did not exhibit any behavior as to cause concern that he did not have a full and complete understanding of the nature of the allegations, the waiver of rights or the recommended disposition." (Citations omitted.)
We find these observations highly persuasive. As stated earlier, there may well be certain circumstances under which a more detailed inquiry by the juvenile court would be warranted. Diminished mental or intellectual capacity could qualify as such a circumstance. However, it is impossible to set down any sort of bright-line rule to be applied in every instance. A highly gifted child may have more difficulty grasping the intricacies of constitutional rights that one who is less gifted. This is something which must be left to the juvenile court to decide on a case by case basis after observing the demeanor of the child and how well that child appears to understand the proceedings that are taking place.
In this case, the trial court apparently concluded that appellant understood the rights that were recited to him and the significance of their waiver. Having reviewed the transcript ourselves, we find nothing that would indicate the contrary. Appellant never expressed any confusion or asked any questions of either the trial court or his own counsel. Thus, for all these reasons, we find that there was substantial compliance with the provisions of Juv.R. 29 (D)(2).
This brings us to Juv.R. 29 (D) (1) which, as aforesaid, required the trial court to make sure that appellant understood the nature of the allegations to which he was admitting as well as the consequences of his admission. Nowhere in the transcript of the October 2, 1998 hearing does the trial court explain the burglary charge to appellant or ask him if he understands the nature of that charge. Although the trial court was not required to give a detailed explanation of each element of this offense, it was required to ensure that appellant had some basic understanding of the charge brought against him. See In re Flynn
(1995), 101 Ohio App.3d 778, 782, 656 N.E.2d 737, 739; State v.Rainey (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d 188, 190. When a trial court does not discuss the nature of the allegations, the reviewing court should not simply assume that appellant understood them. See In re Clark (May 12, 1999), Mahoning App. No. 96CA163, unreported. This case is similar to In re Beechler,supra at 572, 685 N.E.2d at 1260, wherein the juvenile court made no attempt to ascertain whether the minor defendant understood the nature of the allegations against him. We concluded therein that there was no compliance, substantial or otherwise, with the provisions of Juv.R. 29 (D)(1) and we reach the same conclusion here.
The State counterargues by citing us to a portion of the transcript for the "bindover hearing" held on August 24, 1998 at which time several witnesses were called to explain the circumstances of the burglary with which appellant was charged. The State concludes that this was sufficient to give him notice of that charge. We are not persuaded. First, it is speculative to assume that a teenage boy could distill from the evidence at that hearing a basic understanding of the criminal charge against him. Second, even if he could, the fact remains that Juv.R. 29 (D)(1) places the burden on the trial court to make sure that the juvenile understands that charge. In the case sub judice,
the trial court did not inquire of appellant if he had such an understanding. Moreover, we believe the obvious intent of Juv.R. 29 (D)(1) is that the juvenile understands the charge at the timehe enters his admission of guilt, not several weeks earlier at a bindover hearing.
Additionally, we note that Juv.R. 29 (D)(1) requires that the court ensure that the juvenile understand the consequences of the admission. In the instant case, the trial court informed appellant of the minimum sentence of one (1) year institutionalization with the DYS. The trial court did not, however, inform appellant at the time he entered his admission that he could remain incarcerated until his twenty-first (21st) birthday. Appellant was sixteen (16) years old at the time of the hearing below and, thus, the maximum sentence was nearly five (5) times longer than the minimum sentence and represented roughly a third (1/3) of his life thus far. The potential for such a lengthy, additional, commitment is a significant "consequence" of which the juvenile should have been informed pursuant to Juv.R. 29 (D)(1). See In re Doyle (1997), 122 Ohio App.3d 767,773, 702 N.E.2d 970, 974; In re Hendrickson (1996), 114 Ohio App.3d 290,293, 683 N.E.2d 76, 79; also see In re Gilbert (Mar. 29, 1999), Jefferson App. No. 96-JE-34, unreported. A review of the transcript reveals that the trial court did not inform appellant of that potential consequence and, therefore, the judgment must be reversed.
The State counters by citing us to a portion of the transcript, after appellant had already entered his admission, in which the trial court did inform him that additional time could be added to his sentence so that he could remain institutionalized until he was twenty-one (21) years old. We again note, however, that this statement occurred after the trial court accepted appellant's admission. The provisions of Juv.R. 29 (D) specify that the juvenile must be made aware of the consequences of his admission before that admission is accepted. A trial court cannot retroactively cure its omission under this rule by informing the juvenile after the fact. We therefore agree with appellant that the trial court failed to substantially comply with the provisions of Juv.R. 29 (D)(1).
Having so found, appellant's assignment of error is well taken and sustained to that limited extent. His adjudication of delinquency and order of commitment to the DYS is hereby reversed and this cause is remanded for further proceedings consistent with our opinion.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the cause be remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
EVANS, J.: *GREY, J.: Concur in Judgment Opinion
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.
For the Court
 BY: ___________________________________ PETER B. ABELE, Judge
[2] Our decision was based on the fact that during the October 2, 1998 hearing, appellant was misinformed that he waived all
rights to appeal by entering his admission of guilt.
[3] Appellant's brief misrelies on our previous decision in Inre Beechler (1996), 115 Ohio App.3d 567, 685 N.E.2d 1257, as support for the proposition that a simple recitation of rights followed by a "yes" answer was insufficient under Juv.R. 29 (D)(2). To the contrary, a closer reading of that opinion reveals that we sustained the trial court's actions under Juv.R. 29 (D)(2) but found that substantial compliance was lacking with respect to the requirements of Juv.R. 29 (D)(1). Id. at 572,685 N.E.2d at 1260.