DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin Cox appeals the decision of the Ross County Juvenile Court finding that his daughter, Lindsey Aldridge, was a neglected child and its subsequent disposition granting Ross County Children's Services (RCCS) temporary custody, and later permanent custody, of her. Cox contends the court accepted his admission of neglect in violation of Juv.R. 29(D). Because we find that the magistrate did not substantially comply with the requirements of Juv.R. 29(D)(1) that the admission be voluntary and made with an understanding of its consequences, we agree.
 {¶ 2} In September 1999, RCCS filed a complaint in the Ross County Juvenile Court alleging that Lindsey was a neglected child. On January 20, 2000, the magistrate held the adjudicatory hearing. At this hearing, Lindsey's mother, Angela Aldridge, and Cox, through their respective attorneys, informed the magistrate that they wanted to admit to the allegations of neglect.[1] Following Aldridge's admission, Cox's attorney stated: "Your honor we have no way of knowing about the allegations to which the mother has just admitted but if she is willing to admit to that my client understands and he is willing to admit to those allegations and is willing to further admit that for all times during the complaint from the time first alleged and until October seventeenth of ninety-nine he was incarcerated. Uh in the state penal system and of course do [sic] to that incarceration he was not available until October seventeenth to provide the parenting that this child needs so I think to that extent we also are willing to admit." At this point, the magistrate personally addressed Cox and the following exchange took place: "The Court: Mr. Cox do you understand likewise that be [sic] admitting to the complaint that there will not be a trial today? Kevin Cox: That is correct. The Court: And that the child will be found to be a neglected child do you understand that? Kevin Cox: Yes ma'am. The Court: Okay the Court will accept the admissions and we will enter a finding of neglect * * * *." The next day, the magistrate filed her decision adjudicating Lindsey a neglected child and setting the dispositional hearing for March 7, 2000.
 {¶ 3} At the dispositional hearing, Cox failed to appear but his attorney was present and participated. At the conclusion of the hearing, the magistrate ordered the parties to submit written arguments by March 10th. The magistrate then advised that it was taking Lindsey's disposition under advisement.
 {¶ 4} On April 3, 2000, the magistrate issued her decision, granting RCCS temporary custody of Lindsey. The trial court approved the magistrate's decision in a separate judgment entry. Cox did not file objections to the magistrate's decision or file an appeal with our Court from that judgment entry.
 {¶ 5} In February 2001, RCCS filed for permanent custody of Lindsey. On April 1, 2002, following a hearing, the magistrate granted RCCS's permanent custody motion. On the same day, in a separate judgment entry, the trial court affirmed the magistrate's decision. Once again, Cox did not file objections to the magistrate's decision. However, he did file this appeal.
 {¶ 6} Cox assigns the following errors for our review: FIRSTASSIGNMENT OF ERROR — The trial court's repeated failure to properly serve petitioner Kevin M. Cox with notice of the magistrate's decisions and judgment entries denied petitioner due process of law.SECOND ASSIGNMENT OF ERROR — Petitioner Kevin M. Cox was denied his constitutional right to effective assistance of counsel. THIRD ASSIGNMENTOF ERROR — The trial court erred in failing to substantially comply with Juv.R. 29(D). FOURTH ASSIGNMENT OF ERROR — The trial [court] erred to petitioner's prejudice in failing to appoint counsel to the minor child Lindsy [sic] Aldridge as required by Juv.R. 4(A) and R.C.2151.281(B). FIFTH ASSIGNMENT OF ERROR — The trial court abused its discretion in granting permanent custody of Lindsy [sic] Aldridge to the agency rather than to the child's maternal grandmother. SIXTH ASSIGNMENTOF ERROR — the trial court's termination of Kevin Cox's parental rights was against the manifest weight of the evidence. We will address Cox's first and third assignments of error together because, taken together, they require us to reverse and remand this case.
 {¶ 7} In his first assignment of error, Cox argues that he was not "properly served with notice of the first disposition on March 7, 2000 or any subsequent adjudication or disposition thereafter." We read this argument as contending that Cox would have properly appealed the April 3, 2000 judgment entry, if the court and clerk had properly served him and given him notice as Civ.R. 58(B) requires. In his third assignment of error, Cox argues that the trial court failed to substantially comply with Juv.R. 29(D) when the magistrate accepted his admission to the neglect charge. Specifically, Cox contends that the magistrate failed to discuss and address whether he understood the consequences of his admission.
 {¶ 8} Before we can address Cox's third assignment of error, we must cross two procedural hurdles. First, in light of Cox's failure to appeal the April 3, 2000 judgment entry immediately, we must determine whether we still have jurisdiction to address this assignment of error. If so, we must decide whether Cox waived this assignment of error by failing to file objections to the magistrate's decision as required by Juv.R. 40(E)(3)(b).
 {¶ 9} The guardian ad litem contends that Cox cannot assign as error a deficiency from the adjudicatory hearing because he did not file a timely appeal to our Court from the April 3, 2000 judgment entry.
 {¶ 10} App.R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Further, Civ.R. 58(B) provides: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." We do not have jurisdiction to entertain an appeal if a party fails to file a notice of appeal within thirty days, as required by App.R. 4(A). The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review. Moldovan v.Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293, 295, 496 N.E.2d 466.
 {¶ 11} A party cannot immediately appeal an adjudicatory finding of neglect. Rather, the finding of neglect only becomes appealable after the court has pronounced its disposition. In re Murray (1990),52 Ohio St.3d 155, 159, 556 N.E.2d 1169 (stating that an order is a final appealable order only after both an adjudication and disposition of neglect). Here, the trial court filed its judgment entry granting temporary custody of Lindsey to RCCS on April 3, 2000. Therefore, under ordinary circumstances, Cox had until May 3, 2000, to file a notice of appeal from that judgment. However, the record is clear that Cox failed to do so.
 {¶ 12} The Ohio Supreme Court has stated that the opportunity to file a timely appeal under App.R. 4(A) is "meaningless when reasonable notice of an appealable order is not given." Moldovan,25 Ohio St.3d at 295. By promulgating Civ.R. 58(B), the Supreme Court required trial courts and court clerks to provide notice of judgment by service on the parties. See Civ.R. 58(B). But the rule does not stop there. The court clerk must also record a notation in the appearance docket that it did in fact serve the parties. Id.
 {¶ 13} In this matter, all of the decisions and entries include a "cc:" notation under the signature line, followed by the names of all of the parties and attorneys involved in the action. Customarily, the notation "cc:" is recognized as shorthand for carbon copy. Therefore, we believe that the "cc:" notation followed by the list of names indicates the court's direction to the clerk to "carbon copy" the decision or entry to those individuals listed. This is sufficient to satisfy the court's requirement to "endorse * * * a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." However, the better practice is to specifically direct the clerk to serve the parties in accordance with Civ.R. 58(B).
 {¶ 14} More problematical is the fact that the appearance docket is void of any entry indicating that the clerk served the parties with notice of the judgment entry. The only indication in the record that might support a finding that the clerk served the parties with a copy of the judgment entry is a handwritten check mark next to each name listed after the "cc:" notation. But Civ.R. 58(B) specifically requires the clerk to "note the service in the appearance docket." In re Anderson,92 Ohio St.3d 63, 67, 2001-Ohio-131, 748 N.E.2d 67. See, also, In reGrace, Licking App. No. 01CA85, 2002-Ohio-1450. Moreover, the rule provides that service is not complete until the clerk notes the service in the appearance docket. A check mark next to each name is insufficient to satisfy Civ.R. 58(B)'s directive to note the service in the appearance docket. Therefore, since there is no indication in the appearance docket that the clerk has served Cox with notice of the judgment as Civ.R. 58(B) requires, the time for filing a notice of appeal from the April 3, 2000 judgment did not expire before Cox acted. Thus, we have jurisdiction to consider his third assignment of error. See In re Anderson, supra; In reGrace, supra.
 {¶ 15} We still must clear a second hurdle before reaching the merits of this appeal.
 {¶ 16} Juv.R. 40(E)(3)(b) provides: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Generally, a party who fails to file objections to a magistrate's decision under Juv.R. 40(E)(3)(b) waives their right to appeal. In re Ohm (May 29, 1998), Ross App. No. 97CA2290. However, if the error is clearly apparent on the face of the record and it is prejudicial to the appellant, the plain error doctrine will permit correction of judicial proceedings. Reichert v. Ingersoll (1985), 18 Ohio St.3d 220,223, 480 N.E.2d 802. Moreover, the plain error doctrine is applicable to Juv.R. 40(E)(3)(b). In re Etter (1998), 134 Ohio App.3d 484, 492,731 N.E.2d 694. The plain error doctrine is applicable in civil cases only in the extremely rare case where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process."Goldfuss v. Davidson, 79 Ohio St.3d 116, 122-23, 1997-Ohio-401,679 N.E.2d 1099. But because the termination of parental rights is "the family law equivalent of the death penalty," In re Hayes (1997),79 Ohio St.3d 46, 48, 679 N.E.2d 680, a trial court's failure to comply with Juv.R. 29(D) demands application of the plain error doctrine. See, also, In re Murray (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169
(stating that a parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" right to raise his or her children).
 {¶ 17} Juv.R. 29(D) provides: "The court * * * shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing." This rule places an affirmative duty upon the juvenile court. Prior to accepting a parent's admission, the juvenile court must personally address the parent appearing before the court and determine that the parent, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.
 {¶ 18} An admission in a juvenile proceeding under Juv.R. 29(D) is analogous to a guilty plea made by an adult under Crim.R. 11(C). In reBeechler (1996), 115 Ohio App.3d 567, 571-72, 685 N.E.2d 1257. But, see,In re Harris (1995), 104 Ohio App.3d 324, 327, 662 N.E.2d 34 (stating that the acceptance of an admission in juvenile court under Juv.R. 29(D) is not so analogous to Crim.R. 11(C)). Both rules require the magistrate to make careful inquiries in order to ensure that the party's admission or guilty plea is voluntary, intelligent and knowing. In re Beechler, supra.
 {¶ 19} Strict adherence to the procedures imposed by these rules is not constitutionally mandated; substantial compliance will suffice. Inre Beechler, supra. But a court's failure to substantially comply with Juv.R. 29(D)'s requirements constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew.In re Beechler, supra. Determining whether a court has substantially complied with Juv.R. 29(D) presents us with a legal issue, which we review de novo. In re Jones (Apr. 13, 2000), Gallia App. No. 99CA4.
 {¶ 20} The state contends that although the magistrate did not recite the exact language of Juv.R. 29(D), it did substantially comply with its requirements. The state argues that the magistrate personally addressed Cox and "determined that he was making his admission voluntarily and with the understanding that his child would be found to be [a] neglected child."
 {¶ 21} After reviewing the colloquy between Cox and the magistrate that appears on pages 2 and 3 above, we conclude that the magistrate did not substantially comply with Juv.R. 29(D) when it accepted Cox's admission to the neglect charge. While it is true that the magistrate personally addressed Cox, it did not comply with Juv.R. 29(D)(1). For example, at no time did the magistrate question Cox in order to determine whether his admission was voluntary or inform him of the consequences of his admission beyond indicating there would be no trial and Lindsey would be deemed neglected.[2]
 {¶ 22} From the court's discussion with Cox, there is nothing to indicate that Cox's admission was voluntary. Moreover, it is clear that the magistrate failed to inform Cox that by admitting to the neglect charge the court could terminate his parental rights. The magistrate failed to inform Cox that RCCS could gain temporary or even permanent custody of Lindsey. Therefore, in accepting Cox's admission to the neglect charge, the magistrate committed plain error by failing to substantially comply with Juv.R. 29(D)(1).
 {¶ 23} Accordingly, we sustain Cox's first and third assignments of error. Based on this disposition, Cox's second, fourth, fifth and sixth assignments of error are rendered moot.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Angela Aldridge has not appealed from the trial court's judgments; therefore, this appeal only addresses the rights of Kevin Cox.
[2] It is also questionable whether Cox knowingly waived his constitutional rights under Juv.R. 29(D)(2). The magistrate stated simply, "do you understand * * * that be [sic] admitting to the complaint that there will not be a trial today." Since it is clear that the court failed to determine whether Cox's admission was voluntary and it did not inform him of the consequences of his admission, as Juv.R. 29(D)(1) requires, there is no need for us to determine whether the trial court satisfied Juv.R. 29(D)(2).