[Cite as *In re A.Y.*, 2019-Ohio-2589.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| IN RE: A.Y. | : |
| | : |
| | : |
| | :    Appellate Case No. 28114 |
| | : |
| | :    Trial Court Case No. 2017-3762 |
| | : |
| | :    (Appeal from Common Pleas Court- |
| | :    Juvenile Division) |
| | : |
| | : |

· · · · · · · · · ·

O P I N I O N

Rendered on the 28th day of June, 2019.

· · · · · · · · · ·

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Appellee, Montgomery County Children Services

VICTORIA A. BADER, Atty. Reg. No. 0093505, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Appellant, A.Y.

· · · · · · · · · · · ·

TUCKER, J.

{¶ 1} Defendant-appellant A.Y. appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which accepted her no contest plea to pandering sexually oriented material involving a minor and adjudicated her to be a delinquent child. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I.      Facts and Procedural History

{¶ 2} A.Y. is a minor who was born in 2004. In May 2017, when A.Y. was 12 years old, Dayton Police became aware of a sexual assault complaint involving A.Y. and an 18-year-old male with whom she had engaged in sexual intercourse. A short time later, while on diversion for a previous adjudication as an unruly child, A.Y. ran away from home. She was discovered in an abandoned home with two adult males with whom she admitted to having sexual relations. Following an investigation, it was discovered that A.Y. had numerous accounts on Facebook and that she had used these accounts to initiate contact with adult males, including a 33-year-old married man who had requested that she text him pictures of herself. Using her Facebook accounts, A.Y. transmitted pictures of her breasts and vagina and a video showing her masturbating.

{¶ 3} In June 2017, A.Y. was charged with pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1), a felony of the second degree if committed by an adult. In September 2017, A.Y. filed a motion to dismiss the pandering charge, arguing that R.C. 2907.322(A)(1) is unconstitutional as applied to minors. The motion was denied. In October 2017, A.Y. entered an admission to the charge.

However, in November, she filed a motion to withdraw the admission. The court permitted the withdrawal. That same month, A.Y. entered a plea of no contest to the pandering charge. The magistrate adjudicated her delinquent; she was placed on probation for one year and given a suspended commitment to the Department of Youth Services (DYS) for a minimum term of one year up until her 21st birthday. A.Y. filed timely objections, which were overruled by the juvenile court.

{¶ 4} A.Y. appeals.

## II. Due Process and Equal Protection

{¶ 5} A.Y.'s first assignment of error states as follows:

THE MONTGOMERY COUNTY JUVENILE COURT ERRED IN NOT FINDING R.C. 2907.322(A)(1) UNCONSTITUTIONAL AS APPLIED TO A.Y. BECAUSE APPLICATION OF THIS STATUTE TO HER CASE VIOLATES HER RIGHT TO DUE PROCESS AND EQUAL PROTECTION. FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 6} A.Y. contends that R.C. 2907.322(A)(1), as applied to minors, violates both the due process and equal protection clauses of the United States and Ohio Constitutions. Specifically, she contends that the statute is vague because it permits arbitrary and discriminatory enforcement of the law by criminalizing conduct committed by a member of the statute's protected class, victimized minor children, thereby producing an absurd result in this case. She further contends that the statute violates her right to equal protection of the law because it criminalizes behavior that would not be criminal if done

by an adult.

{¶ 7} An enactment of the Ohio General Assembly is presumed to be constitutional. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 12, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159, 161, 224 N.E.2d 906 (1967). Before a court may declare a statute unconstitutional, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

{¶ 8} R.C. 2907.322(A)(1) provides that "[n]o person, with knowledge of the character of the material or performance involved, shall * * * [c]reate, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality."

{¶ 9} We begin with A.Y.'s claim that R.C. 2907.322(A)(1) is impermissibly vague. The Ohio Supreme Court has recognized that "[a] statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." (Internal citation omitted.) *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, ¶ 22, citing *Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000). The second reason has been identified by the United States Supreme Court as the more important aspect of the vagueness doctrine. *Id.*

{¶ 10} A.Y. does not claims that R.C. 2907.322(A)(1) is unclear or that it is difficult

to understand.[1]  Instead, her focus is on the second safeguard.  A.Y. argues that the statute permits the State to prosecute her as an offender even though, as a minor, she is in the class which the statute seeks to protect.  To support this argument, A.Y. cites to the holding in *In re D.B.*, which involved a 12-year-old who was adjudicated a delinquent child in connection with five counts of "statutory rape" under R.C. 2907.02(A)(1)(b) arising from sexual conduct occurring with an 11-year-old. *Id.* at ¶ 13.  This subsection of the statute criminalizes what is known as statutory rape and holds the offender strictly liable for any sexual conduct with persons under the age of 13. *Id.*  The Supreme Court reversed the adjudication.  In so doing, the court stated that R.C. 2907.02(A)(1)(b) is "unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13."  *Id.* at syllabus.  The court stated that "because the statute authorizes and encourages arbitrary and discriminatory enforcement," the statute is unconstitutionally vague.  *Id.* at ¶ 24.  The court emphasized that "when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down."  *Id.* The court also concluded that the application of R.C. 2907.02(A)(1)(b) violated the equal protection clause because both children engaged in sexual conduct with a person under the age of thirteen, but only D.B. was charged.  *Id.* at ¶ 31-32.

{¶ 11} We find *In re D.B.* inapplicable here because, in that case, both of the juveniles violated R.C. 2907.02(A)(1)(b) and both were victims under the terms of the statute.  Here, in contrast, A.Y.'s actions violated R.C. 2907.322(A)(1), but, based upon

[1] A reading of the statute demonstrates that it sufficiently informs an ordinary person that it applies to any person, minor or adult.  It further describes with sufficient particularity what a person must do to commit a violation.

the statutory language, she was not also a victim. Thus, since A.Y. was the only actor to have violated R.C. 2907.322(A)(1), we cannot conclude that the statute authorizes or encourages arbitrary and discriminatory enforcement.

{¶ 12} A.Y. also contends that application of R.C. 2907.322(A)(1) to the facts of this case creates an absurd result, which violates her due process rights. A.Y. argues that, since she is both the "person" who created and published the photographs and the video and the "minor" depicted by the photographs and the video that "a literal [statutory interpretation] * * * create[s] an absurd result – by punishing a 12 year old as an offender rather than a victim of sexual exploitation." Though we may question the wisdom of A.Y.'s adjudication, since this is a result produced by the unambiguous statutory language, we cannot conclude that the result is unconstitutionally absurd. If this is not a result the legislature sanctions, it is for that body to address. We cannot say that enforcement of the statute as applied to juveniles results in arbitrary or discriminatory enforcement. Thus, we conclude that A.Y. has not demonstrated that R.C. 2907.322(A)(1) is unconstitutionally vague or that its application in this case otherwise violates A.Y.'s right to due process of law.

{¶ 13} We next examine whether the statute violates the right to equal protection. The United States Constitution and the Ohio Constitution both forbid the making and enforcing of laws that deny equal protection to those to whom they are made applicable. Stated differently, "[s]o long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws." *Conley v. Shearer*, 64 Ohio St.3d

284, 288-289, 595 N.E.2d 862 (1992).

{¶ 14} A.Y. argues that an adult can lawfully take photographs or create videos of herself engaging in sexual activity or masturbation without committing the offense of pandering as set forth in R.C. 2907.322(A)(1), but a minor cannot lawfully engage in the same conduct. A.Y. argues that this disparity demonstrates that the statute results in punishment for minors but not their similarly-situated adult counterparts.

{¶ 15} We find this argument unavailing as it necessarily hinges upon the conclusion that the same conduct violates the statute if committed by a minor but not if committed by an adult. However, the proscribed conduct is not creating or recording material that shows oneself engaged in sexual activity. The proscribed activity, instead, is creating such material when it depicts a minor. The mere fact that a minor is the one creating the material of herself does not change the nature of the conduct prohibited. Arguably, a minor could take pictures and make videos of an adult engaging in sexual activity without committing a violation of R.C. 2907.322(A)(1). Likewise, an adult could create material showing himself and a minor engaging in sexual activity, and that conduct would be violative of the statute. Thus, we find no equal protection violation.

{¶ 16} We would be remiss if we did not note that we find this case troubling. Though we cannot find either a due process or equal protection violation, this case, as noted, may present a result not envisioned by the legislature. However, as also noted, this requires legislative, not judicial, action.

{¶ 17} The first assignment of error is overruled.

### III.  Plea Analysis

{¶ 18} A.Y.'s asserts the following for her second assignment of error:

A.Y.'S ADMISSION WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY. JUV.R. 29; FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 19} A.Y. contends that her no contest plea was not entered knowingly, intelligently, and voluntarily because the juvenile court failed to advise her of the nature of the allegations and of the substance of the complaint as required by Juv.R. 29(D)(1) and (2).

{¶ 20} Juv.R. 29(D) addresses juvenile admissions and reads in part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶ 21} "The purpose of Juv.R. 29(D) is to ensure that minors are afforded their due process right to fundamentally fair treatment in juvenile court proceedings." *In re Miller*, 119 Ohio App.3d 52, 57, 694 N.E.2d 500 (2d Dist.1997), citing *In re Harris*, 104 Ohio App.3d 324, 662 N.E.2d 34 (2d Dist.1995). "Before accepting a minor's admission, the court must personally address the minor and determine that he or she is making the

admission voluntarily, and that he or she understands the rights that are waived by entering an admission." *Id.*, citing Juv.R. 29(D).

**{¶ 22}** "Strict compliance with this rule is preferable, but if a court substantially complies with the rule, the admission will be deemed valid absent a showing of prejudice or that the totality of the circumstances do not support a finding of a valid waiver." *In re T.A.*, 2d Dist. Champaign Nos. 2011-CA-28 and 2011-CA-35, 2012-Ohio-3174, ¶ 14, citing *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *In re C.S.* at ¶ 113.

**{¶ 23}** The colloquy between the juvenile court and A.Y. was as follows:

THE COURT: All right. So, [A.Y.], I'm going to ask you the same questions. I want to make sure that you're going to be pleading no contest. Basically means you're not admitting nor are you denying. You're basically not wishing to argue or contest or go any further. You're just going to let me take a look at what's before me make a finding as to whether or not you are guilty. Okay. Do you understand that, ma'am?

A.Y.: Yes.

THE COURT: Okay. So by making this no contest plea, we're not going to have a trial. We're not going to call any witnesses or introduce any evidence. You're giving up your right to remain silent. Do you understand all of that?

A.Y.: Yes.

THE COURT: Is anyone forcing you to make this plea?

A.Y.: No.

THE COURT: Are you under any drugs, alcohol or anything I need to be made aware of?

A.Y.: No.

THE COURT: All right. When you make – when you make this no contest plea, you still – there's a possibility of facing consequences such as fines, court costs, probation, counseling, assessments, community service, letters of apology, out-of-home placement, corrections time, any other orders I deem appropriate; and additionally, six months in the Department of Youth Services up to your 21st birthday because it's a felony of the second degree. Do you understand that?

A.Y.: I guess.

THE COURT: Yes. The Department of Youth Services, you understand that? [Defense Counsel]?

COUNSEL: Yes, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: Yes.

THE COURT: Have you explained that to her, as well?

[DEFENSE COUNSEL]: I didn't talk about the suspended commitment to the Ohio Department of Youth Services.

THE COURT: Okay. So basically, because this is a felony of the second degree that you are admitting to, I'm not saying you would be. But you

could be sentenced to the Department of Youth Services for six months, up until your 21st birthday. That's basically juvenile prison, okay? But, in this circumstance, right now, that is just one of the possibilities. Do you understand that?

A.Y.: Yes.

THE COURT: You understand you have the right to object to my decision within fourteen days, and appeal the Judge's decision within thirty days. Do you understand that?

A.Y.: Yes.

THE COURT: And finally, there's the right to petition to expunge or seal your record after your last contact with the Court. Do you understand that?

A.Y.: Yes.

THE COURT: All right. I'm going to ask you one more time. Are you still willing to admit to the pandering charge in 2017-3762, pleading no contest, correct – you're pleading no contest to the 2017-3762?

A.Y.: Yes.

{¶ 24} The juvenile court's plea colloquy failed to ensure that A.Y. understood the nature of the allegations and the full consequences of her no contest plea; thus, the plea colloquy did not substantially comply with Juv.R. 29(D)(1). First, the juvenile court, other than to name the offense, did not discuss the elements of the pandering offense or otherwise ensure that A.Y. understood the criminal conduct she was not contesting. Secondly, A.Y., without dispute, was incorrectly advised that she could be sentenced to DYS for a minimum term of six months when, in fact, the minimum DYS commitment was

one year. Based upon these deficiencies, we cannot conclude that when A.Y. entered the no contest plea, she subjectively understood the nature of the offense or the complete implications of her plea. The juvenile court, accordingly, did not substantially comply with Juv.R. 29(D), and, as a result, the juvenile court's judgment must be reversed.

{¶ 25} This conclusion rejects the State's suggestion that, under the totality of circumstances, A.Y. understood the nature of the pandering offense. The circumstances include A.Y.'s indication at the arraignment that she understood the complaint, the content of her competency evaluation wherein she discussed the allegations, and the fact, as discussed, that this was A.Y.'s second plea to the pandering offense. The Third Appellate District has rejected this argument, concluding that Juv.R. 29(D) requires a juvenile court to ensure "a juvenile's understanding *at the time [she] enters [her] admission.*" (Emphasis sic.) *In re D.D.*, 3d Dist. Putnam No. 12-18-13, 2019-Ohio-2073, ¶ 16, quoting *In re Messmer*, 3d Dist. Wyandot No. 16-08-03, 2008-Ohio-4955, ¶ 14. This conclusion, as noted by *In re D.D.*, is consistent with conclusions reached by several appellate districts. *In re T.B.*, 8th Dist. Cuyahoga Nos. 93422 and 93423, 2010-Ohio-523, ¶ 9-12; *In re Scott W.*, 5th Dist. Licking No. 08 CA 32, 2008-Ohio-6668, ¶ 18-20; *In re Jones*, 4th Dist. Gallia No. 99-CA-4, 2000 WL 387727, *4 (Apr. 13, 2000).

{¶ 26} A.Y.'s second assignment of error is sustained.


## IV.    Ineffective Assistance of Counsel Analysis

{¶ 27} A.Y.'s third assignment of error provides:

A.Y. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN

TRIAL COUNSEL FAILED TO OBJECT TO THE JUVENILE COURT'S

INSUFFICIENT PLEA COLLOQUY. SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 28} Given the resolution of A.Y.'s second assignment of error, there is no need to discuss the claimed ineffective assistance of counsel.

{¶ 29} The third assignment of error is overruled as moot.


## V. Conclusion

{¶ 30} We affirm the trial court's judgment insofar as it found that R.C. 2907.322(A)(1) is not unconstitutional. We reverse the trial court's judgment insofar as it adjudicated A.Y. to be a delinquent child based on a no contest plea that did not comply with Juv.R. 29(D)(1). The matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . .


WELBAUM, P.J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Victoria A. Bader
Marshall G. Lachman
Hon. Anthony Capizzi