OPINION *Page 2 
{¶ 1} Defendant-Appellant, Scott W. appeals the April 16, 2008, Judgment Entry adjudicating him to be a juvenile delinquent on one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance in a school safety zone, in violation of R.C. 2923.122, and one count of aggravated menacing, in violation of R.C. 2903.21 The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 14, 2008, Appellant, a juvenile, was charged with one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree if committed by an adult. He was also charged with one count of illegal conveyance or possession of a deadly weapon or dangerous ordnance in a school safety zone, a felony of the fifth degree if committed by and adult, and one count of aggravated menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree if committed by an adult.
 {¶ 3} Appellant, who was represented by counsel at all stages of the proceedings, appeared before the juvenile court on January 14, 2008, for a preliminary hearing and entered a denial to all charges. At that time, the trial court advised Appellant that an attorney could be appointed to represent him if his parents could not afford legal representation. The court additionally advised Appellant at his preliminary hearing that due to the nature of the charges against him, he could potentially be committed to the custody of the Department of Youth Services for an indefinite period of time of not less than one year to a maximum period of time not to exceed Appellant's twenty-first birthday. *Page 3 
 {¶ 4} On March 14, 2008, Appellant admitted to the charges of aggravated menacing and illegal conveyance of a deadly weapon in a school safety zone and exercised his right to trial on the charge of felonious assault. After trial, the court found Appellant to be a delinquent minor on all three counts and proceeded to disposition, wherein the court committed Appellant to the custody of the Department of Youth Services (DYS) on the felonious assault for a minimum term of one year and a maximum term not to exceed Appellant's twenty-first birthday. On the charge of illegal conveyance of a deadly weapon in a school safety zone, the court committed Appellant to the custody of DYS for a minimum of six months and maximum term not to exceed Appellant's twenty-first birthday. The court ran the terms consecutively. On the charge of aggravated menacing, the court fined Appellant $250 and suspended his right to obtain a driver's license until his twenty-first birthday. No objections were made to this disposition.
 {¶ 5} Appellant raises four assignments of error:
 {¶ 6} "I. SCOTT W.'S ADMISSIONS WERE NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION AND JUVENILE RULE 29."
 {¶ 7} "II. THE TRIAL COURT ERRED IN DEPRIVING SCOTT W. OF HIS ABILITY TO APPLY FOR DRIVING PRIVILEGES BECAUSE HE WAS NOT PLACED ON COMMUNITY CONTROL AND THERE IS NO STATUTORY AUTHORITY TO *Page 4 
IMPOSE THAT SANCTION UPON A CHILD WHO HAS COMMITTED AGGRAVATED MENACING, IN VIOLATION OF R.C. 2903.21(A)."
 {¶ 8} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER COMMUNITY SERVICE IN LIEU OF THE FINANCIAL SANCTIONS IN VIOLATION OF R.C. 2152.20(D)."
 {¶ 9} "IV. SCOTT W. WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO AN UNCONSTITUTIONAL PLEA AND AN UNLAWFUL DISPOSITION?" [SIC].
 I. {¶ 10} In his first assignment of error, Appellant argues that his admissions to the charges of illegal conveyance of a deadly weapon in a school safety zone and aggravated menacing were not knowingly, voluntarily and intelligently entered pursuant to Ohio Juv. R. 29. Specifically, Appellant argues that the juvenile court failed to explain any of the penalties or consequences of Appellant's admissions to a felony or misdemeanor charge.
 {¶ 11} Juvenile proceedings must comport with due process requirements. In re Gault (1967), 387 U.S. 1, 87 S. Ct. 1428,18 L.Ed.2d 527. Ohio Juvenile Rule 29(D), which is analogous to Ohio Crim. R. 11, and which codifies the due process requirement in Gault, provides, in pertinent part: *Page 5 
 {¶ 12} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 13} "(1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission; and
 {¶ 14} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 15} Juvenile Rule 29 and Criminal Rule 11 both require the respective courts to make careful inquiries in order to ensure that the admission or guilty plea is entered voluntarily, intelligently and knowingly. In re Flynn (1995), 101 Ohio App.3d 778, 781, 656 N.E.2d 737;In re McKenzie (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377. In order to satisfy the requirements of Juv. R. 29(D), "the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998), 128 Ohio App.3d 356, 359,714 N.E.2d 988, citing In re McKenzie, supra, at 277, 656 N.E.2d 1377. Juvenile Rule 29(D) also places an affirmative duty upon the juvenile court to personally address the juvenile before the court and determine that the juvenile understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996), 115 Ohio App.3d 567,571, 685 N.E.2d 1257. The test for the juvenile's understanding of the charges is subjective, rather than objective. Id.
 {¶ 16} We have previously held that strict compliance with these rules is not constitutionally mandated. In re Pritchard, 5th
Dist. No. 2001 AP 080078, 2002-Ohio-1664. *Page 6 
Several other appellate courts have also interpreted these rules as requiring substantial compliance with their provisions. Id. citingIn re Royal (1999), 132 Ohio App.3d 496, 504, 725 N.E.2d 685; In reBrooks (1996), 112 Ohio App.3d 54, 57, 677 N.E.2d 1229.
 {¶ 17} As we stated in Pritchard, the "failure of the juvenile court to substantially comply with Juv. R. 29(D) has [a] * * * prejudicial effect * * * necessitating a reversal of the adjudication so that the juvenile may plead anew." Id. quoting In re Doyle (1997),122 Ohio App.3d 767, 772, 702 N.E.2d 970 (internal citations omitted). However, the preferred method for assuring compliance with Juv. R. 29(D) is for each court to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission." In re Messmer, 3rd Dist. No. 16-08-03, 2008-Ohio-4955 at ¶ 10. quoting In re Miller (1997),119 Ohio App.3d 52, 58, 694 N.E.2d 500, 504.
 {¶ 18} In discussing the timing of when a court should advise a juvenile of his rights, we find the Third District's decision inMessmer to be instructive. In Messmer, the Third District found that Juv. R. 29(D)(2), concerning rights waived by admission, require a juvenile court to insure a juvenile's understanding at the time he enters his admission. Specifically, where forty-eight days passed between Messmer's arraignment hearing and his adjudication hearing, the court found it inappropriate to consider the arraignment hearing in determining whether the juvenile court substantially complied with Juv. R. 29(D). Messmer, supra, at ¶ 14.
 {¶ 19} The Messmer court references In re Jones (April 13, 2000), 4th Dist. No. 99-CA-4 as additional authority supporting the requirement that juvenile rights must be *Page 7 
articulated at the adjudicatory hearing in order to comply with Juv. R. 29. In Jones, a juvenile entered an admission at a hearing without being informed of the nature of the allegations. The State claimed the juvenile was adequately notified of the nature of the allegations due to a bindover hearing that occurred several weeks earlier. The Fourth District, in rejecting the state's argument, stated that "[t]he obvious intent of Juv. R. 29(D)(1) is that the juvenile understands the charge at the time he enters his admission of guilt, not several weeks earlier at a bindover hearing." Id.
 {¶ 20} The Second District has recently come to a similar conclusion, holding that a trial court fails to substantially comply with Juv. R. 29(D) where it did not discuss the potential consequences of a juvenile's admission at an adjudicatory hearing. See In re J.F., 2nd Dist. Nos. 22181, 22441, 2008-Ohio-4325.
 {¶ 21} In the present case, the trial court read each charge in the complaint and advised Appellant, at his preliminary hearing, as follows:
 {¶ 22} "The above behavior is in violation of Section 2903.11(A)(2) of the Ohio Revised Code as applied to adults; and in violation of Section 2152.02(F) of the Ohio Revised Code as made applicable to juveniles. Again, this offense is commonly referred to as felonious assault.
 {¶ 23} "As I indicated moments ago, it is classified as a felony of the second degree. That means, Scott, that if you're found to be a delinquent minor for having committed this offense, the Court, among many different choices, could commit you to the Ohio Department of Youth Services — which in our state is our youth authority — for an indefinite period of time of not less than one year to a maximum period of time not to exceed age 21. The thing that I really truly wish to impress upon you, is that this is a *Page 8 
very serious offense, which can result in you being — losing your freedom and being detained in a secured facility for a number of years.
 {¶ 24} "Count 2 of the complaint alleges the offense of illegal conveyance or possession of a deadly weapon or dangerous ordinance in a school safety zone.
 {¶ 25} "If you are adjudged to be a delinquent minor for having committed this offense, the Court can commit you to the Ohio Department of Youth Services for an indefinite or indeterminate period of time to a secured facility, operated by the State, for a period of not less than six months, to a maximum period of time not to exceed your 21st birthday."
 {¶ 26} Further, the Court stated "Count 3 of the complaint, aggravated menacing, is classified as a misdemeanor of the first degree. The Court cannot commit you to a State institution. But the Court could commit you to a juvenile detention facility for a period of not more than 90 days for having committed this offense. Again, that's contingent upon you being adjudicated a delinquent."
 {¶ 27} At his plea hearing, Appellant admitted to the charges of illegal conveyance and aggravated menacing. At that hearing, the court advised Appellant as follows:
 {¶ 28} "THE COURT: [D]o you understand what the word "admit" means?
 {¶ 29} A: Yes, sir. It means I'm admitting that I did say and do them things and have them.
 {¶ 30} Q: Is anyone forcing you to enter these pleas of admit to Counts 2 —
 {¶ 31} A: Huh-uh.
 {¶ 32} Q: — Count 3 against your will? *Page 9 
 {¶ 33} A: No, sir, they're not.
 {¶ 34} Q: Are you doing so voluntarily?
 {¶ 35} A: Yes, sir, I am.
 {¶ 36} Q: Do you understand that you're giving up your right to challenge the evidence against you?
 {¶ 37} A: Yes, sir, I am.
 {¶ 38} Q: You're giving up your right to remain silent?
 {¶ 39} A: Yes sir, I do.
 {¶ 40} Q: You're also giving up your right to cross examine your accusers?
 {¶ 41} A: Yes, sir.
 {¶ 42} "THE COURT: The Court will accept the pleas of admit to Count 2 and Count 3. And to a certain degree this is only an academic exercise, because frankly the Court has already heard the evidence in the case. It is not necessary to make reference to any police reports that have been filed in this case because, again, the witnesses who were called and the exhibits which have been admitted really address the issues of — that are set forth in Count 2 and 3."
 {¶ 43} The court additionally stated:
 {¶ 44} "THE COURT: Now, listen to me very carefully. Well, first of all, I've got the legal responsibility to explain to you that you do have the right to appeal the Court's orders which it is making today, with regard to the adjudication of delinquency on Count 1, and also with regard to disposition.
 {¶ 45} "You do have the right to file an appeal with the Licking County Court of Appeals for the 5th Appellate District. I'm required to explain to you by law, that if you *Page 10 
wish to appeal and cannot afford an attorney, the Court will appoint an attorney to represent you at no expense. Do you understand your right to appeal?
 {¶ 46} "A: Yes, sir, I do."
 {¶ 47} The State urges this Court to examine the preliminary hearing and the adjudicatory hearing together and determine that the juvenile court complied with Juv. R. 29. Specifically, the State cites to two cases, State v. Skropits (Feb. 8, 1993), 5th Dist. No. CA-9077, and In re Pyles, 2nd Dist. No. 19354, 2002-Ohio-5539 in support of its argument. We find bothSkropits and Pyles to be distinguishable.
 {¶ 48} In Skropits, the court was faced with a situation where an adult defendant challenged his misdemeanor no contest plea under Crim. R. 11(E), claiming that the court did not inform him of the effect of his plea. The defendant was advised of the effect of his plea at an arraignment hearing and the court advised him of all rights required under Crim. R. 11 at his arraignment. This court found substantial compliance with Crim. R. 11, stating that the rule merely requires the court to first inform a defendant of the effect of his plea "at some point" prior to accepting the plea. In the present case, because we are confronted with a juvenile case where our determination is focused on whether or not the juvenile court complied with specific mandates in Juv. R. 29(D), i.e., whether the court complied with advising Appellant of the consequences of his admission, including the range of penalties he would face, we do not find Skropits to be dispositive on the issue before this court.
 {¶ 49} Moreover, the Pyles decision involved an adjudication after a trial on two charges of rape. Because Pyles does not focus on the procedure to be used following an admission by a juvenile to a felony and a misdemeanor, we find it to be inapplicable *Page 11 
to the facts at bar. Additionally, in Pyles, the defendant admitted in his reply brief that he "may have received an adequate explanation at the initial hearing" of his rights. See Pyles, supra, at ¶ 11.[1]
 {¶ 50} The record in the present case shows that the judge failed to discuss the potential consequences of Appellant's admissions at the adjudicatory hearing. While the judge did discuss some of the potential consequences at Appellant's preliminary hearing, we find that discussion to be inadequate and find that it does not comply with the mandates of Juv. R. 29. Appellant should have been advised of the consequences of his admissions at his adjudicatory hearing.
 {¶ 51} Appellant's first assignment of error is sustained.
 II, III, IV {¶ 52} In his second, third, and fourth assignments of error, Appellant argues, respectively, that the trial court erred in suspending his right to apply for driving privileges; that the trial court erred by not considering imposing community service in lieu of a fine; and that trial counsel was ineffective for failing to object when the court did not inform Appellant of the consequences of his admissions and for failing to object when the court imposed an incorrect disposition. Due to our disposition Appellant's first assignment of error, we find the second, third, an fourth assignments of error to be moot and decline to address them. App. R. 12(A)(1)(c). *Page 12 
 {¶ 53} For the foregoing reasons, we find Appellant's first assignment of error to be well taken and reverse the judgment of the juvenile court and remand for further proceedings consistent with this opinion.
Delaney, J., and Hoffman, P.J., concur.
 Farmer, J. dissents. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to Appellee.
[1] The Second District has distinguished Pyles from other Juv. R. 29(D) compliance cases on this basis. See In re J.F., 2nd
Dist. Nos. 22181, 22441, 2008-Ohio-4325, ¶ 75. *Page 13