[Cite as *In re D.D.*, 2019-Ohio-2073.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

IN RE:

    D.D.

ADJUDICATED DELINQUENT CHILD.

CASE NO. 12-18-13

**O P I N I O N**

Appeal from Putnam County Common Pleas Court
Juvenile Division
Trial Court No. 20172097

**Judgment Reversed and Cause Remanded**

**Date of Decision: May 28, 2019**

APPEARANCES:

    *Lauren Hammersmith* **for Appellant**

    *Katherine G. Porter* **for Appellee**

**PRESTON, J.**

{¶1} Appellant, D.D., a minor child, appeals the October 11, 2018 judgment of the Putnam County Common Pleas Court, Juvenile Division, denying his motion to withdraw his admission. For the reasons that follow, we reverse.

{¶2} On August 21, 2017, a complaint was filed against D.D. charging him with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony if committed by an adult. (Doc. No. 1). On September 18, 2017, D.D. attended an initial appearance where he entered a denial to the charge. (*See* Doc. Nos. 3, 10).

{¶3} On January 12, 2018, under a negotiated plea agreement, D.D. withdrew his denial and entered an admission to the count of gross sexual imposition. (Doc. No. 37); (Jan. 12, 2018 Tr. at 4-5). In exchange for his change of plea, the State agreed to recommend dismissal of a second juvenile proceeding then pending against D.D. (Jan. 12, 2018 Tr. at 2-3). The trial court accepted D.D.'s admission to the count of gross sexual imposition and found him to be a delinquent child by reason of his admission. (Doc. No. 37); (Jan. 12, 2018 Tr. at 4-5). The trial court also dismissed the second juvenile proceeding against D.D. (Jan. 12, 2018 Tr. at 5). The trial court then proceeded immediately to disposition. The trial court committed D.D. to the legal care and custody of the Ohio Department of Youth Services ("ODYS") for a minimum term of six months and a maximum period not

to exceed D.D.'s 21st birthday. (Doc. No. 37); (Jan. 12, 2018 Tr. at 11-12). However, the trial court suspended D.D.'s commitment to ODYS on the condition that D.D. participate in and successfully complete treatment at the Juvenile Residential Center of Northwest Ohio ("JRCNWO") and that he follow all aftercare recommendations after completion of the JRCNWO program. (Doc. No. 37); (Jan. 12, 2018 Tr. at 11-12). In addition, the trial court placed D.D. on probation until February 15, 2023. (Doc. No. 37). The trial court filed its judgment entry of adjudication and disposition on January 16, 2018. (*Id.*).

{¶4} On April 5, 2018, the State filed a motion requesting that D.D.'s probation be revoked "due to on-going non-compliance with [JRCNWO]." (Doc. No. 44). On April 10, 2018, D.D. appeared and entered an admission to violating the terms of his probation. (Doc. No. 54).

{¶5} On April 16, 2018, the State filed a motion to impose D.D.'s suspended ODYS commitment because D.D. "refus[ed] to be transported and/or cooperate with treatment at [JRCNWO]." (Doc. No. 51). On April 24, 2018, the trial court granted the State's motion to impose D.D.'s suspended commitment and committed D.D. to the care and custody of ODYS for a minimum term of six months and a maximum period not to exceed D.D.'s 21st birthday. (Doc. No. 61).

{¶6} On May 22, 2018, D.D. filed a notice of appeal from the trial court's April 24, 2018 judgment imposing his suspended commitment to ODYS. (Doc. No.

66). Thereafter, D.D. filed a motion to dismiss his appeal filed on May 22, 2018. On July 20, 2018, this court granted D.D.'s motion to voluntarily dismiss his appeal, and we dismissed the same. (Doc. No. 76).

{¶7} On July 11, 2018, while his first appeal was pending, D.D. filed a motion to withdraw his admission to the count of gross sexual imposition. (Doc. No. 75). On August 10, 2018, D.D. filed a motion to withdraw his July 11, 2018 motion to withdraw his admission. (Doc. No. 77). That same day, D.D. filed a motion to vacate his adjudication of delinquency. (Doc. No. 78). On September 19, 2018, the State filed a memorandum in opposition to D.D.'s motion to vacate his adjudication. (Doc. No. 83). On October 1, 2018, D.D. filed a brief in reply to the State's memorandum in opposition. (Doc. No. 84). On October 11, 2018, the trial court denied D.D.'s motion to withdraw his admission. (Doc. No. 85).

{¶8} On November 13, 2018, D.D. filed a notice of appeal. (Doc. No. 86). He raises one assignment of error.

### Assignment of Error

**The juvenile court erred when it denied D.D.'s motion to vacate his admission which was not knowing, intelligent, and voluntary, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 10 and 16 of the Ohio Constitution; and Juv.R. 29. (A-1; (1/12/2018 T. pp. 4-5)[)].**

{¶9} In his assignment of error, D.D. argues that the trial court erred by denying his motion to withdraw his admission. Specifically, D.D. argues that his

motion to withdraw his admission should have been granted because, due to the trial court's failure to substantially comply with Juv.R. 29(D) when accepting his admission, his admission was not entered knowingly, intelligently, and voluntarily. D.D. contends that the trial court did not comply with Juv.R. 29(D)(1) because it "failed to discuss the consequences of an admission with [him]" at the adjudicatory hearing. (Appellant's Brief at 7). In particular, D.D. claims that the trial court "did not discuss with [him] that he could be sent to DYS or for how long; and [it] did not explain alternative disposition options such as probation, in- or out-patient residential treatment, or potential fines or restitution." (*Id.*). In addition, D.D. asserts that the trial court failed to comply with Juv.R. 29(D)(2) because it did not "discuss on the record with [him] any of the constitutional rights he was giving up by admitting to the charges against him," including his right to "challenge witnesses and evidence at a trial, to remain silent, and to introduce his own witnesses and evidence at a trial * * *." (*Id.* at 8).

{¶10} Unlike the Rules of Criminal Procedure, the Rules of Juvenile Procedure do not specifically delineate the standards or procedures that a trial court must follow when considering a motion to withdraw a juvenile's admission. Moreover, "Crim.R. 1(C)(5) provides that the Rules of Criminal Procedure explicitly do not apply to 'juvenile proceedings against a child.'" *In re S.A.R.*, 12th Dist. Madison No. CA2017-04-010, 2018-Ohio-223, ¶ 14, citing *In re J.J.*, 9th Dist.

Summit No. 21386, 2004-Ohio-1429, ¶ 5, *In re McElfresh*, 7th Dist. Belmont No. 02 BA 12, 2003-Ohio-1079, ¶ 12, and *In re L.D.*, 8th Dist. Cuyahoga No. 78750, 2001 WL 1612114, *1 (Dec. 13, 2001). Thus, "[i]ssues involving a plea entered pursuant to Juv.R. 29(C) "'should be analyzed according [to] the Rules of Juvenile Procedure and the constitutional protections springing therefrom which may be applicable to both adult and juvenile criminal prosecutions.'"" *Id.*, quoting *In re J.J.* at ¶ 5, quoting *In re L.D.* at *4. "'Accordingly, an appellate court should proceed to address an assigned error regarding a motion to withdraw an admission under a Juv.R. 29(D) analysis.'" *Id.*, quoting *In re J.J.* at ¶ 5.

Juv.R. 29(D) provides in relevant part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

"As many Ohio courts of appeals recognize, 'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'" *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788, ¶ 13. "Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly." *In re Smith* at ¶ 13, citing *In re Flynn*, 101 Ohio App.3d 778, 781 (8th Dist.1995). *See In re T.N.*, 3d Dist. Union No. 14-12-13, 2013-Ohio-135, ¶ 11 ("Juv.R. 29 is analogous to Crim.R. 11 since both require a trial court to * * * ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly."). "The juvenile court has an affirmative duty under Juv.R. 29(D) to 'determine that the [juvenile], and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.'" *In re T.N.* at ¶ 11, quoting *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996).

{¶11} Although the "preferred practice" in a juvenile delinquency case "is strict compliance with Juv.R. 29(D)," "if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality

of the circumstances does not support a finding of a valid waiver." *In re C.S.* at ¶ 113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* "Therefore, the best method for complying with Juv.R. 29(D) is for a juvenile court to tailor the language of the rule to 'the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission.'" *In re D.P.*, 3d Dist. Hardin No. 6-16-07, 2017-Ohio-606, ¶ 15, quoting *In re Smith* at ¶ 14, quoting *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist.1997). A trial court's failure to substantially comply with Juv.R. 29(D) when accepting a juvenile's admission "has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re T.N.* at ¶ 12, citing *In re Smith* at ¶ 14, citing *In re Doyle*, 122 Ohio App.3d 767, 772 (2d Dist.1997) and citing *In re Hendrickson*, 114 Ohio App.3d 290 (2d Dist.1996) and *In re Christopher R.*, 101 Ohio App.3d 245, 248 (6th Dist.1995).

{¶12} "We review de novo whether a trial court substantially complied with Juv.R. 29(D) in accepting a juvenile's admission." *In re R.A.*, 3d Dist. Allen No. 1-18-09, 2018-Ohio-3620, ¶ 9, citing *In re T.N.* at ¶ 15, citing *In re R.D.G.*, 12th Dist. Butler No. CA2010-12-323, 2011-Ohio-6018, ¶ 10, *In re C.K.*, 4th Dist.

Washington No. 07CA4, 2007-Ohio-3234, ¶ 15, and *In re Beckert*, 8th Dist. Cuyahoga No. 68893, 1996 WL 447982, *1 (Aug. 8, 1996).

{¶13} At the January 12, 2018 adjudicatory hearing, the trial court engaged in the following colloquy with D.D.:

| | |
|---|---|
| [Trial Court]: | Very well.   [D.D.], do you understand what they're saying here today? |
| [D.D.]: | Yes, sir. |
| [Trial Court]: | They're saying that you're prepared to admit that you did this.  If you admit that you did this, I want to make sure that you understand that even though they have told what might happen to you, that I don't have to go along with that; do you understand that? |
| [D.D.]: | Yes, sir. |
| [Trial Court]: | That I can do something different, do you understand? |
| [D.D.]: | Yes, sir. |
| [Trial Court]: | I'm not saying that I will, but I can; do you understand? |
| [D.D.]: | Yes, sir. |

[Trial Court]:     Very well.  With that, [D.D.], what is your plea?
Do you admit or deny that you had contact with
another person who is less than 13 years of age *
* * on or about July 21, 2017; do you admit or
deny?  Did you do it, or did you not do it?

* * *

[Trial Court]:     So do you admit or deny?

[D.D.]:     Admit.

[Trial Court]:     Tell me what it is that you did on or about July
the 21st?  What is it that you are admitting to?

[D.D.]:     I stuck my hand down [the victim's] pants.

[Trial Court]:     And you touched her; correct?

[D.D.]:     Yes, sir.

* * *

[Trial Court]:     Very well, I accept the admission and find you to
be a juvenile delinquent, having violated Ohio
Revised Code Section 2907.05(A)(4), a felony of
the third degree * * *.

(Jan. 12, 2018 Tr. at 4-5).

**{¶14}** Based on the foregoing, we conclude that the trial court did not substantially comply with Juv.R. 29(D). In particular, the trial court's admission colloquy completely failed to conform to the requirements of Juv.R. 29(D)(2). There was no discussion of D.D.'s right to challenge the witnesses and evidence against him, his right to remain silent, or his right to introduce his own evidence at the hearing. Furthermore, to the extent that D.D. *may* have appreciated his rights on the date of the adjudicatory hearing, the trial court did not inquire of D.D. whether he understood that he was waiving any of these rights by entering his admission.

**{¶15}** The State appears to concede that the trial court did not discuss the rights listed in Juv.R. 29(D)(2) with D.D. during the January 12, 2018 adjudicatory hearing. (*See* Appellee's Brief at 5). Nevertheless, the State argues that the trial court substantially complied with Juv.R. 29(D)(2) because, under the totality of the circumstances, D.D. was informed of his rights and understood that he would be waiving those rights by entering his admission. The State notes that D.D., D.D.'s mother, and D.D.'s trial counsel signed a "Waiver of Rights" form at his September 18, 2017 initial appearance that outlined D.D.'s right to an attorney, right to a trial to the court, right to ask questions of his accusers, right to subpoena witnesses to testify on his behalf, and right to remain silent. (*Id.*); (Doc. No. 5). The State insists that "while the point in time that these rights were discussed with D.D. may not have

been in strict compliance with [Juv.R. 29(D)]," because "D.D., along with his mother and attorney, indicated by signing [the Waiver of Rights form] that these rights were understood," the trial court complied with Juv.R. 29(D)(2). (Appellee's Brief at 5).

{¶16} The State's argument is without merit. This court has previously concluded that "Juv.R. 29(D)(2) * * * requires a juvenile court to insure a juvenile's understanding *at the time he enters his admission.*" (Emphasis sic.) *In re Messmer*, 3d Dist. Wyandot No. 16-08-03, 2008-Ohio-4955, ¶ 14. This position is consistent with the view adopted by a number of our sister courts of appeals. *See In re T.B.*, 8th Dist. Cuyahoga Nos. 93422 and 93423, 2010-Ohio-523, ¶ 9-12; *In re Scott W.*, 5th Dist. Licking No. 08-CA-32, 2008-Ohio-6668, ¶ 18-20, 50; *In re Jones*, 4th Dist. Gallia No. 99 CA 4, 2000 WL 387727, *4 (Apr. 13, 2000).

{¶17} In this case, nearly four months elapsed between D.D.'s initial appearance, where he signed the "Waiver of Rights" form, and the adjudicatory hearing. Given this substantial interval and the trial court's failure to reprise a discussion of D.D.'s rights at the adjudicatory hearing, it is inappropriate to consider the waiver form in determining whether the trial court substantially complied with Juv.R. 29(D). *See In re Messmer* at ¶ 14. While the waiver form suggests that D.D. may have understood his rights around the time of his initial appearance, it does not demonstrate that he maintained such an understanding through the adjudicatory

hearing. Under the facts of this case, in the absence of a colloquy confirming that D.D. understood his rights and the effect that his admission would have on the exercise of those rights at the time he entered his admission, we cannot conclude that the trial court complied with Juv.R. 29(D)(2).

{¶18} Accordingly, because there was no compliance with Juv.R. 29(D)(2), the trial court did not substantially comply with Juv.R. 29(D).[1] Consequently, D.D.'s admission was not entered knowingly, intelligently, and voluntarily. As a result, D.D. was entitled to seek a withdrawal of his admission, and the trial court erred by denying his motion to withdraw his admission.

D.D.'s assignment of error is sustained.

{¶19} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**

---

[1] Because we conclude that the trial court's failure to comply with Juv.R. 29(D)(2) means that the trial court did not substantially comply with Juv.R. 29(D), we need not address D.D.'s argument that the trial court also failed to comply with Juv.R. 29(D)(1).