[Cite as *In re F.B.*, 2016-Ohio-3434.]

STATE OF OHIO         )             IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: F.B.                           C.A. No.     27762
      G.G.
      T.G.
      J.G.
      Z.G.                     APPEAL FROM JUDGMENT
                                ENTERED IN THE
                                COURT OF COMMON PLEAS
                                COUNTY OF SUMMIT, OHIO
                                CASE Nos.    DN14-02-0086
                                              DN14-02-0087
                                              DN14-02-0088
                                              DN14-02-0090
                                              DN14-02-0091

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

CARR, Judge.

**{¶1}** Appellant, Steven G. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated his five minor children dependent and placed them in the temporary custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

**{¶2}** Father is the father of the five minor children at issue in this appeal: Z.G., born February 25, 2002; F.B., born August 2, 2005; J.G., born February 29, 2008; G.G., born April 7, 2009; and T.G., born October 16, 2010. The children's mothers are not parties to this appeal.

**{¶3}** On February 7, 2014, a CSB intake caseworker filed complaints to allege that each of these children was dependent because their basic needs were not being met and the oldest

children in the home, Z.G. and C.L., had been subjected to ongoing neglect and abuse by C.L.'s mother. C.L. is a half-sibling of some of the children but is not a party to this appeal because she is not Father's child.

{¶4} CSB was represented by an attorney at the shelter care hearing and was represented by counsel in all subsequent court appearances and written filings in this case. At the shelter care hearing, Father moved to dismiss the complaint because it had been filed by the caseworker, not an attorney. He asserted that the caseworker filing the complaint violated Ohio's prohibition on the unauthorized practice of law and, for that reason, the complaint should be dismissed. The trial court denied Father's motion and the matter proceeded to adjudication and disposition.

{¶5} At the adjudicatory hearing before a magistrate, Father again raised his motion to dismiss the complaint but otherwise stipulated that the children were dependent. The magistrate denied Father's motion to dismiss and found that all five children were dependent. The children were later placed in the temporary custody of CSB. Father filed objections to the magistrate's adjudicatory decision, which were later overruled by the trial court. Father initially appealed from that order, but this Court dismissed the appeal for lack of a final, appealable order because the trial court had not independently adjudicated the children.

{¶6} On March 30, 2015, the trial court issued an order that again overruled Father's objections to the magistrate's adjudicatory decision and independently entered judgment. Father appeals and raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE COURT OF APPEALS LACKS JURISDICTION TO HEAR THIS APPEAL BECAUSE THE TRIAL COURT HAS NOT ISSUED A FINAL, APPEALABLE ORDER FROM THE ORIGINAL ADJUDICATORY AND DISPOSITIONAL HEARING.

{¶7} Father's first assignment of error is that the trial court's March 30, 2015, order is not final and appealable. An appeal at this stage of a juvenile proceeding requires that the trial court has adjudicated the children and entered a dispositional order that placed them in the temporary custody of CSB. *See, e.g*, *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus. Following hearings before a magistrate, the children were adjudicated dependent and placed in the temporary custody of CSB. Father emphasizes that, because the initial adjudicatory and dispositional decisions were issued by a magistrate, they were not effective unless the trial court adopted those decisions and independently entered judgment. *See, e.g*., Juv.R. 40(D)(4)(a); *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000).

{¶8} Although Father asserts that the trial court did not enter judgment that both adjudicated the children dependent and placed them in the temporary custody of CSB, the record reveals otherwise. Through separate orders, the trial court initially adopted the magistrate's May 7 adjudicatory and May 19 dispositional decisions, pending the filing of timely, written objections. Father timely objected only to the adjudicatory decision. Even though Father suggests otherwise, because he filed no objections to the magistrate's dispositional decision, the trial court had no reason to revisit its May 19 order that adopted the magistrate's dispositional decision and independently entered an order to place the children in the temporary custody of CSB. *See In re L.P.,* 9th Dist. Summit No. 27792, 2015-Ohio-4164, ¶ 34 (emphasizing that timely objections to a magistrate's adjudicatory decision did not constitute objections to the

magistrate's separate dispositional decision); Juv.R. 40(D)(4)(e)(i). The trial court later overruled Father's objections to the magistrate's adjudicatory decision and independently adjudicated Father's five minor children as dependent.

{¶9} Father further insinuates that, because the trial court set forth its independent adjudication and disposition of the children in two separate orders, its judgment is not final and appealable. Father cites no authority, nor is this Court aware of any, that requires the trial court to enter its adjudicatory and dispositional decisions in a single judgment entry.

{¶10} In fact, the trial court is required to hold separate adjudicatory and dispositional hearings and, unless it finds a basis upon which to adjudicate the child, it lacks authority to proceed to a dispositional hearing. *See* Juv.R. 29(F); Juv.R. 34. Given the bifurcated nature of these proceedings, the adjudicatory and dispositional decisions will often be set forth in separate orders. *See, e.g., In re Murray*, 52 Ohio St.3d 155 (1990), syllabus (holding that an adjudication of dependency or neglect "followed by" a disposition of temporary custody to the agency is a final, appealable order). The separate adjudicatory and dispositional orders in this case combine to make a final, appealable order. *Id.* Because Father has failed to demonstrate that the adjudication and disposition of his children was not final and appealable, his assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING FATHER'S MOTION TO DISMISS THE COMPLAINT DUE TO THE UNAUTHORIZED PRACTICE OF LAW BY A CSB CASEWORKER.

{¶11} Next, Father argues that the trial court erred in denying his motion to dismiss the complaints as nullities. Father essentially argues that the caseworker lacked standing to file the complaints because she was not a party and had no authority to file on behalf of CSB.

{¶12} Although a non-party typically lacks standing to initiate most types of civil litigation, that general rule does not contemplate the distinctive nature of abuse, neglect, and dependency cases. "It is well understood that the substantive and procedural rules that are applicable in the unique context of juvenile court proceedings are quite different from those [in] * * * civil proceedings in courts of general jurisdiction." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 15, citing *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 65-67 and *In re T.R.,* 52 Ohio St.3d 6, 15 (1990). Moreover, "the central purpose of the juvenile court system is '[t]o provide for the care, protection, and mental and physical development of children.'" *In re Z.R.* at ¶ 20, quoting R.C. 2151.01(A). Consequently, "the laws governing the administration of the juvenile courts must be 'liberally interpreted and construed' to effectuate the above purposes." *Id.* at ¶ 21, quoting R.C. 2151.01.

{¶13} To effectuate the broad purpose of R.C. Chapter 2151 of providing for the care and protection of children, there is no requirement that an abuse, neglect, and/or dependency case be filed by a party or a legal representative of a party. Since its enactment in 1969, R.C. 2151.27 has authorized "[a]ny person having knowledge" that a child appears to be dependent to file a sworn complaint with respect to that child in the juvenile court. In addition to R.C. 2151.27, Juv.R. 10(A) similarly authorizes "any person" to file a complaint to commence the action.

{¶14} Father did not challenge the language or validity of R.C. 2151.27 or Juv.R. 10. Instead, his argument is that the "person" who filed the complaints in this case was CSB and that the caseworker acted as its non-attorney representative. Father's citation to *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, offers no support for his argument. In fact, the Supreme Court recognized in *O'Malley* that R.C. 2151.27(A) generally authorizes a children

services agency or its caseworker to file a complaint of child neglect and dependency because each is a "person" within the meaning of Juv.R. 2(BB). *Id*. at ¶ 9.

{¶15} Father has failed to demonstrate that the caseworker acted as a representative of CSB when she filed the complaints in this case. Instead, the record reveals that she herself was a "person" who had knowledge that the children appeared to be dependent. *See* R.C. 2151.27(A). The caseworker completed a form complaint, which was comprised primarily of her affidavit with facts about the children and their parents, with boxes checked for the alleged statutory bases of dependency and the interim and dispositional actions requested of the juvenile court. The caseworker filed nothing else with the trial court during this case nor did she represent the agency at any court appearances. It is not disputed that CSB was represented by a licensed attorney throughout these proceedings after the complaint was filed.

{¶16} In *In re Leftwich*, 10th Dist. Franklin No. 96APF09-1263, 1997 WL 202247 (Apr. 22, 1997), *2, the Tenth District concluded that a caseworker is authorized to file a complaint under R.C. 2151.27(A) as a "person" and, in so doing, does not act as a non-attorney representative of her employer agency. As in this case, the only act performed by the caseworker in *Leftwich* was the preparation and filing of the complaint, detailing her own knowledge of the underlying facts that she alleged were a valid basis for a dependency adjudication of the children. She did not represent the agency during any court proceedings, nor did she file any other pleadings or motions with the court. *Id*.

{¶17} This Court is persuaded by the following reasoning of the *Leftwich* court:

> Thus, any individual, attorney or non-attorney, may file a complaint in juvenile court concerning a child who the complainant believes appears to be a delinquent, abused, unruly or dependent child. Accordingly, because [the caseworker] had knowledge about the children, she could file a complaint on their [i.e., the children's] behalf and the trial court did not err in permitting the complaint to go forward.

**{¶18}** Given that the facts of this case are not legally distinguishable from those in *Leftwich*, Father has failed to demonstrate that the caseworker violated R.C. 2151.27(A) by filing the complaints in this case. Consequently, the trial court did not err in failing to dismiss the complaints. Father's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY NOT PROPERLY ISSUING ITS REASONABLE EFFORTS FINDINGS.

**{¶19}** Finally, Father argues that the trial court failed to satisfy the requirements of R.C. 2151.419 that it determine that CSB made reasonable reunification efforts to prevent the removal of F.B., G.G., T.G., J.G., and Z.G. from Father's home. Father does not dispute that the trial court found that CSB had made reasonable efforts to prevent the removal of the children from the home, but argues that those findings were not set forth in sufficient detail to satisfy the requirements of R.C. 2151.419(B)(1) that the trial court "briefly describe in the findings of fact the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from the child's home[.]"

**{¶20}** To begin with, this Court must emphasize that Father stipulated to an adjudication that the children were dependent because their basic needs were not being met and because the two oldest children in the home had been subjected to ongoing neglect and abuse by Father's paramour. Given that undisputed conclusion that the children had been exposed to neglect and domestic violence in the home, the magistrate's adjudicatory decision included the following explanation of what services CSB had provided and why those services did not prevent the removal of the children from the home:

> [CSB] has made reasonable efforts * * * by referring the adults to parenting and substance abuse assessments, and by arranging for the children's trauma assessments. The children cannot be safely returned to any of the parents' or

custodians' care until services can correct the conditions that [led] to the dependency findings.

**{¶21}** In overruling Father's objections to the magistrate's adjudicatory decision, based upon an independent review of the evidence, the trial court found that CSB had made reasonable efforts to prevent the continued removal of the children from the home "by making referrals for evaluations and services and facilitating visitation between parents and children." It further explained that, despite those services, "the children could not safely be returned home because neither parents nor children had sufficient time to engage in services to eliminate the safety risks in the home environment."

**{¶22}** Father has failed to demonstrate that the trial court's reasonable efforts findings were not set forth in sufficient detail to satisfy the requirements of R.C. 2151.419(B)(1). Father's third assignment of error is overruled.

### III.

**{¶23}** Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

JOSEPH KERNAN, Guardian ad litem.