[Cite as *In re C.J.*, 2019-Ohio-3810.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re C.J.                                      Court of Appeals Nos. L-19-1058

                                                Trial Court Nos. JC 19272467


                                                **DECISION AND JUDGMENT**


                                                Decided:  September 20, 2019

* * * * *

Laurel A. Kendall, for appellant.

Bradley W. King and Kevin J. Ankney, for appellee.


* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, R.L. ("father"), appeals the March 4, 2019 judgment of the Lucas

County Court of Common Pleas, Juvenile Division, adjudicating his child, C.J. ("the

child"), neglected and dependent.  Because we find that the order appealed from is not a

final, appealable order, we dismiss this appeal.

{¶ 2} On January 4, 2019, appellee, Lucas County Children Services ("LCCS"),

filed a complaint seeking permanent custody of the child, alleging that the child was

neglected and dependent, and a motion for a shelter care hearing. The same day, the juvenile court awarded temporary interim custody of the child to LCCS. The court set a combined adjudicatory and dispositional hearing for February 15, 2019, but later vacated the dispositional portion.

{¶ 3} Following the February 15 adjudicatory hearing, the juvenile court found that the child was neglected under R.C. 2151.03(A)(2) and dependent under R.C. 2151.04(C) and (D)(1). The court did not continue on to a dispositional hearing or issue any dispositional orders either at the hearing or in its judgment entry, and the order did not award, or even address, temporary custody of the child.

{¶ 4} On March 12, 2019, father filed this appeal. The juvenile court had not held a dispositional hearing or made any dispositional orders at the time father filed his notice of appeal.

{¶ 5} This court only has jurisdiction to hear appeals from final orders: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02 (granting appellate authority over "the finding, order, or judgment of a juvenile court that a child is * * * neglected * * * or dependent * * *."). Under R.C. 2505.02(B)(1), a final, appealable order is an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment." In *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990), syllabus, the Supreme Court of Ohio held that

2.

[a]n adjudication by a juvenile court that a child is "neglected" or "dependent" as defined in R.C. Chapter 2151 *followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2)* constitutes a "final order" within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02. (Emphasis added.)

The court also noted that an adjudication *without* a disposition does not constitute a final, appealable order. *Id.* at 156, fn. 1.

{¶ 6} A "disposition" of a child who is adjudicated neglected or dependent consists of placing the child in one of the custody arrangements outlined in R.C. 2151.353(A)(1)-(6). Disposition must occur after an adjudicatory hearing at which the juvenile court finds that the child at issue is neglected or dependent and after a separate dispositional hearing. R.C. 2151.35(A)(1), (B)(1).

{¶ 7} Here, the juvenile court did not issue any orders or judgments that could be considered a "disposition" of the underlying case. The court found, after an adjudicatory hearing, that the child was neglected and dependent. The court did not—following the adjudicatory hearing or any other time prior to father filing his notice of appeal—hold a separate dispositional hearing or place the child in any of the custody arrangements found in R.C. 2151.353(A). Although the juvenile court placed the child in the temporary custody of LCCS the day that the complaint was filed, this was not a "disposition" because it did not occur after an adjudicatory hearing. *See* R.C. 2151.35(A)(1). The

3.

juvenile court's entry finding that the child was neglected and dependent does not become final and appealable within the meaning of R.C. 2505.02 until after the court also issues a disposition. *Murray* at syllabus. Because the juvenile court's judgment entry does not include a disposition, we conclude that the judgment entry is not a final, appealable order. Accordingly, we lack jurisdiction to consider father's appeal.

{¶ 8} Because we lack jurisdiction over the juvenile court's March 4, 2019 judgment, this appeal is dismissed. Father is ordered to pay the costs of the appeal pursuant to App.R. 24.

Appeal Dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, P.J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.