[Cite as *In re G.S.*, 2021-Ohio-2804.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:

    G.S.(1),

DEPENDENT CHILD.

[DAVID S. - APPELLANT]

CASE NO.  8-21-04

O P I N I O N

IN RE:

    G.S.(2),

DEPENDENT CHILD.

[DAVID S. - APPELLANT]

CASE NO.  8-21-05

O P I N I O N

IN RE:

    T.S.,

DEPENDENT CHILD.

[DAVID S. - APPELLANT]

CASE NO.  8-21-06

O P I N I O N

Appeals from Logan County Common Pleas Court
Family Division
Trial Court No. 2017 CR 164

Appeals Dismissed

Date of Decision:   August 16, 2021

APPEARANCES:

*Alison Boggs* **for Appellant**

*Stacia L. Rapp* **for Appellee, Logan County Children's Services**

**SHAW, J.**

{¶1} Father-appellant, David S. ("Father"), appeals the January 14, 2021 judgments of the Logan County Common Pleas Court, Family Court Division, adjudicating his children T.S., G.S.(1), and G.S.(2) dependent. On appeal, Father raises several issues challenging the trial court's adjudication of dependency.

*Procedural History*

{¶2} On November 20, 2020, the Logan County Children's Services ("Agency") filed complaints and a motion for temporary orders alleging T.S. (born in 2005), G.S.(1) (born in 2006), and G.S.(2) (born in 2020) to be dependent children under R.C. 2151.04(C). The Agency also alleged the infant G.S.(2) to be an abused child under R.C. 2151.031. All three children were born as issue of the marriage of Father and Wendy S. ("Mother"). The complaints arose from a referral made by a mandated reporter notifying the Agency that G.S.(2) was born with THC, opiates, and Buprenorphine in her meconium. Mother admitted to using marijuana while pregnant with G.S.(2), but refused to submit to any testing to resolve the allegations

of her opioid use. Father voluntarily submitted to a drug screen, which returned positive for heroin. Father was arrested for a community control violation as a result of his use of heroin. Father was later arrested again for another community control violation when he tested positive for the use of methamphetamines.

{¶3} The Agency also expressed concern for the mental health of G.S.(1), who was being treated for engaging in acts of self-harm, and for T.S., who had been refusing to attend school. The Agency explained that it had been involved with the family on three prior occasions regarding T.S. and G.S.(1) concerning the parents' substance abuse, Mother's mental health, issues with the parents properly supervising the children, and the parents' arrests for drug trafficking. The prior cases were resolved with Mother being granted legal custody of T.S. and G.S.(1) in August 2018.

{¶4} On December 15, 2020, the trial court conducted an adjudication hearing. Prior to the hearing, the trial court granted the motion of Mother's attorney to appear virtually. Mother was not present at the hearing due to her exhibiting possible Covid-19 symptoms, which resulted in the trial court ordering her to go home. However, Mother agreed to stipulate to a finding of dependency regarding all three children if the Agency moved for dismissal of the abuse allegation in the complaint regarding G.S.(2). Accordingly, the trial court dismissed the abused child allegation in the complaint and accepted Mother dependency stipulation.

{¶5} The adjudication hearing then proceeded regarding Father. The Agency presented the testimony of Father's supervising probation officer and the Agency's ongoing caseworker. After the presentation of witnesses, the Agency made an oral motion for an order preventing Father from residing in the family home because of his continued drug use.

{¶6} On January 14, 2021, the trial court issued a judgment entry in each case finding by clear and convincing evidence all three children to be dependent under R.C. 2151.04(C). The trial court also issued an order prohibiting Father from residing with the children in the family home.

{¶7} On January 28, 2021, the parties appeared for disposition before the trial court's magistrate. However, the magistrate continued the dispositional hearing because Mother's attorney had withdrawn from the case and Mother needed new appointed counsel.

{¶8} On February 9, 2021, the magistrate conducted the dispositional hearing. At the hearing, the magistrate orally set dispositional orders maintaining Mother as the children's legal custodian and granting Father supervised parenting time. The magistrate also granted the Agency's request for court-ordered protective supervision over the children.

{¶9} On February 12, 2021, Father filed a notice of appeal of the trial court's January 14, 2021 Judgment Entries adjudicating the children dependent. Notably, there was no order of disposition made in the judgment entries of adjudication.

{¶10} On February 24, 2021, the trial court issued a stay order noting Father's pending appeal and stating: "[T]his Court has lost jurisdiction except to take aid in the appeal. Therefore, this case is HEREBY STAYED and upcoming hearings will not proceed until such time as the appellate process is concluded." (Feb. 24, 2021 Stay Order).

{¶11} On March 16, 2021, after the stay had been imposed, the magistrate rendered a written decision setting forth the custody orders stated at the February 9, 2021 dispositional hearing. The decision was accompanied by a notice to the parties regarding the 14-day objection period to the magistrate's decision to the trial court.

{¶12} The record reflects that no further action was taken in the trial court due to the stay order.

{¶13} Father presents the following assignments of error for our review.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE ANY FINDING OF FACT AND CONCLUSIONS OF LAW EITHER ON THE RECORD OR IN ITS JUDGMENT ENTRY TO SUPPORT ITS DECISION FINDING THAT THE CHILDREN ARE DEPENDENT.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN WERE DEPENDENT.**

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED WHEN IT PERMITTED MOTHER TO STIPULATE TO DEPENDENCY THEN RELY ON THAT STIPULATION IN SUPPORT OF ITS FINDING THAT THE CHILDREN WERE DEPENDENT.**

**ASSIGNMENT OF ERROR NO. 4**

**THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS WHEN THE COURT SENT MOTHER HOME AFTER SHE INDICATED SHE WAS NOT FEELING WELL, WITHOUT MAKING PROVISIONS FOR HER TO APPEAR REMOTELY IN ANY FASHION, THEREBY DEPRIVING APPELLANT THE ABILITY TO CALL HER AS A WITNESS.**

**ASSIGNMENT OF ERROR NO. 5**

**APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE COURT'S DECISION TO SEND MOTHER HOME WITHOUT MAKING PROVISION FOR HER TO PARTICIPATE REMOTELY AND WHEN HE DID NOT OBJECT TO THE COURT TAKING MOTHER'S STIPULATION BEFORE THE PRESENTATION OF THE EVIDENCE.**

{¶14} At the outset, we note that the Agency conceded error in the first assignment of error and concurred with Father that the trial court failed to incorporate into its judgment entries of dependency mandatory statutory findings;

in particular "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child" as required by R.C. 2151.28(L). This Court has previously held that the failure to include these required statutory findings in a judgment entry of dependency directly impacts our ability to properly review any of the dependency judgments in the case. *See*, *In the Matter of P.C., A.C., C.C.*, 3d Dist. Logan Nos. 8-19-45, 8-19-46, 8-19-47, 8-19-54, 8-19-55, 8-19-56, 2020-Ohio-2889, ¶ 24. In addressing these matters, we have held that the proper remedy is to remand the case to the trial court to issue a judgment entry of dependency with these written findings of fact and conclusions of law in compliance with R.C. 2151.28(L). *See id.*

{¶15} However, before considering merits of Father's arguments, it is incumbent that we consider our jurisdiction to hear this appeal. The existence of a final appealable order is a jurisdictional question that an appellate court can raise sua sponte. *Matter of Z.S.*, 5th Dist. Perry No. 18-CA-00018, 2019-Ohio-2589, ¶ 11. This Court only has jurisdiction to hear appeals from final orders: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02 (granting appellate authority over "the finding, order, or judgment of a

juvenile court that a child is * * * neglected * * * or dependent * * *"). Under R.C. 2505.02(B)(1), a final, appealable order is an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶16} Generally, a trial court determines whether a child is abused, neglected, or dependent at the adjudicatory stage. *In re E.C.*, 10th Dist. Franklin Nos. 8AP-878, 18AP-882, 18AP-902, 18AP-907, 2019-Ohio-3791, ¶ 17. The case then proceeds to the dispositional stage, where the trial court makes one of the dispositions listed in R.C. 2151.353(A). *Id.* "A 'disposition' of a child who is adjudicated neglected or dependent consists of placing the child in one of the custody arrangements outlined in R.C. 2151.353(A)(1)-(6)." *In re C.J.*, 6th Dist. Lucas No. L-19-1058, 2019-Ohio-3810, ¶ 6. Disposition must occur after an adjudicatory hearing at which the juvenile court finds that the child at issue is neglected or dependent and after a separate dispositional hearing. R.C. 2151.35(A)(1), (B)(1). Notably, a potential disposition includes, as in this case, the award of legal custody of the child to either parent under R.C. 2151.353(A)(3).

{¶17} Thus, an adjudication that a child is dependent followed by a disposition pursuant to R.C. 2151.353(A) constitutes a final, appealable order. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 8; *In re Murray*, 52 Ohio St.3d 155 (1990), fn 1 (stating a "a finding of dependency without disposition is not a final order," citing *In re Sekulich*, 65 Ohio St.2d 13, 14 (1981)). When the adjudicatory

and dispositional orders are separate orders, they combine to form a final, appealable order. *In re F.B.*, 9th Dist. No. 27762, 2016-Ohio-3434, ¶ 10.

{¶18} In the instant case, the trial court did not issue any orders or judgments that could be considered a "disposition" under R.C. 2151.353(A). The trial court found that the children were dependent after an adjudicatory hearing. However, the trial court did not—following the adjudicatory hearing or any other time prior to Father filing his notice of appeal—issue a separate order of "disposition" placing the children in any of the custody arrangements found in R.C. 2151.353(A). Although the magistrate stated on the record at the dispositional hearing that the children would be placed in the legal custody of Mother, this was not a "disposition" because the written custody decision was not rendered until after Father filed his notice of appeal and the stay order was in effect, and it was decided by the magistrate and not issued in writing by a court *judgment entry*. This notwithstanding, the magistrate's March 16, 2021 decision on disposition remained subject to the objection period and final review of the trial court under Civ.R. 53(D), and therefore does not constitute a final order.

{¶19} In sum, the trial court's judgment entry finding the children dependent does not become final and appealable within the meaning of R.C. 2505.02 until after the court also issues a "disposition." *Murray*, supra, 52 Ohio St.3d 155 at syllabus; *see also In re C.J.*, *supra*, 2019-Ohio-3810, ¶ 7. Because in this instance the juvenile

court's judgment entries of adjudication do not include dispositions, we conclude that the judgments are not final, appealable orders.[1]

{¶20} Thus, having concluded that we lack jurisdiction over the issues raised by Father in his appeal, we hereby dismiss the appeals.

*Appeals Dismissed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**

---

[1] We note that Father arguably had a substantial right affected within the meaning of R.C. 2505.02(B)(1) when the trial court included in the judgment entry of adjudication an order preventing Father from residing in the family home. In other words, the judgment entry may have been final for the limited purpose of Father appealing the trial court's order precluding him from living in the home. However, Father does not assign error to this portion of the judgment entry on appeal, but rather raises issues only pertaining to the trial court's dependency adjudication.